J-S18021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES SIMON THOMPSON, :
:
Appellant : No. 1150 WDA 2017

Appeal from the PCRA Order July 14, 2017
in the Court of Common Pleas of Fayette County,
Criminal Division at No(s):  CP-26-CR-0001761-2009

BEFORE:  STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MUSMANNO, J.:               **FILED JUNE 27, 2018**

James Simon Thompson ("Thompson") appeals from the Order denying

his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See***

42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant underlying facts:

On April 14, 2009, [Thompson] was arrested and charged with
Possession with Intent to Deliver, Possession of Drug
Paraphernalia, and two counts of Persons not Possess a Firearm.
According to the [C]riminal [C]omplaint drafted by former
Connellsville police officer and Fayette County Drug Task Force
detective Ryan Reese [("Reese")], [Thompson] made a full
confession.[fn1]  On [March] 11, 2011, [Thompson] pled guilty to
all of the charges. He was sentenced to four to eight years of
incarceration in a "global" plea offer[fn2] and did not file a direct
appeal of his sentence.  Instead, he filed a PCRA [Petition] based
on [after-]discovered evidence in the form of a letter from [] Dawn
Millholland [("Millholland")[1]], who claimed that the drugs and
firearms belonged to her then-boyfriend, Robert "Hoppy" Williams

---

[1] Millholland's drug addiction sponsor was a friend of Thompson's sister.  N.T.,
1/30/17, at 62.

[("Williams")]. [Thompson] also alleged [after-]discovered evidence stemming from the corruption charges against Reese and alleged that Reese falsified the [C]riminal [C]omplaint to include [Thompson's] confession; an allegation that [Thompson] vehemently denied.

On June 19, 2015, the Court ultimately dismissed all of [Thompson's] Amended [PCRA Petitions], and he filed a direct appeal. On July 29, 2016, the Superior Court reversed th[e PCRA c]ourt's dismissal and remanded the matter for [Thompson] to be appointed new counsel to file yet another amended Petition and for [the PCRA c]ourt to hold an evidentiary hearing. [**See Commonwealth v. Thompson**, 153 A.3d 1111 (Pa. Super. 2016) (unpublished memorandum).]

On January 30, 2017, an evidentiary hearing was held. [Thompson] testified that he pled guilty because Reese stated that [Thompson] confessed to the crimes; specifically, [Thompson] testified, "[i]t was my word against an officer as decorated as [Reese] was at the time. I had no choice." Notes of Testimony (N.T.), 1/30/17, at 17. In addition to [Thompson], [] Millholland testified as to the aforementioned letter, which was also admitted into evidence. [] Millholland claimed to have first-hand knowledge of the drugs and guns in question, even though she was frequently under the influence of drugs at the time [Thompson] was charged. N.T. at 52, 61. Her reason for the delay in coming forward with this information was fear of retaliation by Williams, who is currently incarcerated. N.T. at 55. In an effort to corroborate [] Millholland's testimony, Samantha Brown [("Brown")] also testified that the drugs and firearms in question belonged to Williams. N.T. at 91-92.

With regard to the criminal charges against Reese, [Thompson] offered testimony from Thelma Friday [("Friday")], who stated that she was asked to assist Reese in implicating [Thompson], which she did not do. N.T. at 76. She did, however, offer Reese sexual favors from herself and assisted him in soliciting sex from other females in order to protect herself from criminal prosecution.[fn3] N.T. at 71, 78.

---

[fn1] At the present time, [] Reese has been convicted of corruption of minors and has two additional pending criminal cases where he is charged with various sexually-based and corruption offenses.

He is no longer a police officer or detective, and the Fayette County Drug Task Force was disbanded in 2016.

[fn2] The [sentence in the] instant case was to run concurrent with Nos. 527 of 2008, 187 of 2009, 272 of 2009, and 422 of 2009. At the time of his plea in the instant case, [Thompson] also entered a guilty plea in No. 1393 of 2010 and was sentenced to one to two years' incarceration to run consecutive with the instant case.

[fn3] Although [] Friday alleged that she exchanged sexual favors for immunity from prosecution with Reese, she is not one of the accusers in any of Reese's criminal cases.

PCRA Court Opinion, 7/14/17, at 1-3 (footnotes in original).

On July 14, 2017, the PCRA court denied Thompson's PCRA Petition.

Thompson filed a timely Notice of Appeal.

On appeal, Thompson raises the following questions for our review:

1. Whether the PCRA court erred in denying relief for [Thompson] based upon after–discovered evidence of three (3) witnesses who came forward after [Thompson] had been sentenced[?]

2. Whether the PCRA court erred in denying relief for [Thompson] based upon the after–discovered evidence that the prosecuting officer has pending criminal charges, including charges of official oppression[?]

Brief for Appellant at 3 (capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013) (citations omitted).

We will address Thompson's claims together, as he contends that he is entitled to relief on the basis of exculpatory, after-discovered evidence. Brief for Appellant at 7-13. Thompson argues that statements by Millholland and Brown confirmed that the drugs and firearms belonged to Williams, not Thompson. *Id.* at 8-10; *see also id.* at 10-11 (wherein Thompson claims Millholland and Brown did not come forward earlier because they were afraid of Williams). Thompson asserts that these statements qualify as after-discovered evidence because the evidence was unavailable to him until Millholland wrote him a letter; the evidence would not solely impeach the credibility of other witnesses; and the testimony would have led to a not guilty verdict. *Id.* at 10; *see also id.* at 11 (wherein Thompson claims he is entitled to a new trial based upon the statements of Millholland and Brown).

Thompson also contends that he is entitled to relief because Reese, the prosecuting officer, was subject to various criminal charges. *Id.* at 11. Thompson argues that District Attorney in Fayette County dismissed other cases in which Reese was the primary witness. *Id.* at 12. Thompson also asserts that Friday issued a notarized affidavit and testified that Reese had stated that he wanted Thompson to go to prison for a long time. *Id.* at 11-12, 13; *see also id.* at 12-13 (wherein Thompson argues that Reese's statements were admissible under hearsay exceptions at Pa.R.E. 803(25)(a) and (c)). Thompson claims that he should be given a new trial based upon this evidence. *Id.* at 13.

To be entitled to relief under the PCRA on the basis of exculpatory after-discovered evidence, the petitioner must plead and prove by a preponderance of the evidence "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). …

To obtain relief based on after-discovered evidence, [an] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

The test is conjunctive; the [appellant] must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted. Further, when reviewing the decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court is to determine whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case.

*Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012) (some citations, brackets, and quotation marks omitted); *see also Commonwealth v. Padillas*, 997 A.2d 356, 365 (Pa. Super. 2010) (noting that in determining whether the evidence is of such nature and character to compel a different verdict in a new trial, a court should consider "the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the

overall strength of the evidence supporting the conviction.").[2]

Initially, with regard to Millholland and Brown, their statements and testimony do not constitute after-discovered evidence, where they had failed to come forward based upon possible retaliation from Williams. **See Padillas**, 997 A.2d at 363 (stating that "testimony of witness who simply refuses or is unwilling to testify does not constitute after-discovered evidence."). Further, the testimony of Millholland and Brown was not exculpatory, but instead would have been used solely to impeach the credibility of Commonwealth witnesses regarding Thompson's possession of the contraband. **See Foreman**, 55 A.3d at 537; **see also Padillas**, 997 A.2d at 365 (noting that a party offering to provide evidence contradicting evidence given by another witness constitutes impeachment evidence). Thus, Thompson's after-discovered evidence claim in this regard does not entitle him to relief.

The criminal charges brought against Reese also do not constitute after-discovered evidence. Indeed, Thompson would have used the charges in an unrelated matter solely to impeach the credibility of Reese. **See Foreman**,

_____

[2] It is undisputed that Thompson knowingly pled guilty to the possession of contraband and firearm charges. **See Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa. Super. 2011) (stating that a person who elects to plead guilty is bound by the statements he made during the plea colloquy and may not later assert grounds for withdrawing the plea which contradict those statements). However, "[a]ny after-discovered evidence which would justify a new trial would also entitle [a] defendant to withdraw his guilty plea." **Commonwealth v. Heaster**, 171 A.3d 268, 273 n.6 (Pa. Super. 2017) (citation omitted).

55 A.3d at 537 (noting that the "filing of criminal charges against [the testifying detective] in an unrelated matter does not meet the after-discovered evidence test since such evidence would be used solely to impeach the credibility of [the detective.]").  Further, Thompson has not demonstrated that there is any nexus between his case and Reese's alleged criminal activities.  **See id.** at 537-38 (noting that the after-discovered evidence test is not met where the evidence against the testifying detective would not have changed the result of the verdict because appellant failed to show a nexus between his case and the detective's case).  Thus, Thompson's claims with regard to Reese are without merit.

Finally, Friday's testimony regarding statements by Reese seeking to implicate Thompson did not meet the requirements of the after-discovered evidence test, as such testimony would have been used solely to impeach Reese's credibility.[3]  **See Padillas**, 997 A.2d at 363.

Based upon the foregoing, Thompson's after-discovered evidence claims are without merit.  Thus, he is not entitled to the relief requested.

Order affirmed.

---

[3] The PCRA court additionally noted that Friday's testimony was "highly suspect since she openly admitted to soliciting other women to have sex with Reese, and used Reese's alleged statements to her in support thereof.  The bulk of her testimony was hearsay[.]"  PCRA Court Opinion, 7/14/17, at 5.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2018