J-S60043-17

2017 PA Super 298

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SKYLAR SHELDON HEASTER :
:
Appellant : No. 573 WDA 2017

Appeal from the Judgment of Sentence March 28, 2017
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000873-2016

BEFORE: OLSON, DUBOW, JJ., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.: **FILED SEPTEMBER 18, 2017**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Somerset County following Appellant Skylar Sheldon Heaster's guilty plea to the charge of robbery, 18 Pa.C.S.A. § 3701(a)(1)(ii). After a careful review, we affirm.

The relevant facts and procedural history are as follows: Appellant was arrested in connection with the robbery of a Family Dollar store involving a knife, and on February 7, 2017, Appellant, who was represented by counsel, entered a guilty plea to the charge of robbery. In exchange, the Commonwealth withdrew additional charges. Moreover, the Commonwealth and Appellant agreed as part of the plea negotiations that Appellant had "possessed," as opposed to "used," a deadly weapon for purposes of applying the deadly weapon enhancement. N.T., guilty plea, 2/7/17, at 3-

_____
* Former Justice specially assigned to the Superior Court.

4. The trial court acknowledged that, as part of the plea agreement, the "deadly weapon possessed matrix would apply but not the deadly weapon used matrix."[1] *Id.* at 4.

On March 28, 2017, Appellant proceeded to a sentencing hearing, at which the trial court had in its possession a pre-sentence investigation report. At sentencing, "having forgotten the stipulation concerning the proper matrix to be used, [the trial court] sentenced [Appellant]...based on the [deadly weapon enhancement] *used* matrix which was included as part of the [p]re-[s]entence [r]eport." Trial Court Opinion, filed 5/25/17, at 3 n.2 (emphasis in original). *See* N.T., sentencing hearing, 3/28/17, at 8 (trial judge stating that "on the offense of robbery...involving the *use* of a deadly weapon, it is ordered that the defendant is sentenced as follows....") (emphasis added)). The trial court sentenced Appellant to four and one-half years to nine years in prison.[2]

_____

[1] The deadly weapon enhancement possessed matrix is found at 204 Pa.Code § 303.10(a)(1)(i)-(iii), and the deadly weapon enhancement used matrix is found at 204 Pa.Code § 303.10(a)(2)(i)-(iii).

[2] In its opinion, the trial court indicated that, based on Appellant's offense gravity score and prior record score, the sentencing guideline's recommended standard range was 54-66 months in the deadly weapon enhancement used matrix, as opposed to 45-57 months in the deadly weapon enhancement possessed matrix. Trial Court Opinion, filed 5/25/17, at 3 n.2. Thus, under both enhancement matrixes, Appellant's sentence was imposed within the standard range.

Appellant raised no objection during the sentencing hearing, and at the conclusion of the hearing, the trial court provided Appellant with his post-sentence and appellate rights. Appellant did not file a post-sentence motion; however, on April 10, 2017, he filed a timely, counseled notice of appeal. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant timely complied, and the trial court filed a Pa.R.A.P. 1925(a) opinion.

In his first issue, Appellant contends the trial court abused its discretion in imposing an excessive sentence without considering Appellant's individual, rehabilitative needs. He further contends that, contrary to the parties' plea agreement, the trial court abused its discretion in improperly applying the "use," as opposed to the "possession," of a deadly weapon sentencing enhancement matrix.

Generally, upon the entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the "legality" of the sentence imposed. *See Commonwealth v. Eisenberg*, 626 Pa. 512, 98 A.3d 1268 (2014) (holding that the proper entry of a guilty plea acts to extinguish virtually all legal challenges that could have been brought upon the trial or appeal of the case). However, where a defendant pleads guilty without any agreement as to sentence, (*i.e.* an open plea), the defendant retains the right to petition this Court for allowance of appeal with respect to

the discretionary aspects of sentencing. **Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa.Super. 2009). Conversely, where a defendant enters into a negotiated plea agreement that includes the terms of the sentence, the defendant may not seek a discretionary appeal relating to those agreed-upon terms. **See id.**

Instantly, Appellant entered a "hybrid" guilty plea; that is, the parties did not bargain for a specific sentence but negotiated as to a certain aspect of the sentence (application of the deadly weapon possession enhancement matrix). A hybrid plea agreement does not preclude appellate review of those discretionary aspects of the sentence that were not agreed upon in the negotiation process. **See id.**

With regard to Appellant's specific claim that the trial court abused its discretion in imposing an excessive sentence without considering Appellant's individual, rehabilitative needs, we note that this presents a challenge to the discretionary aspects of sentencing. **See Commonwealth v. Rhoades**, 8 A.3d 912 (Pa.Super. 2010). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. **Commonwealth v. Yanoff**, 690 A.2d 260, 267 (Pa.Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether [A]ppellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify

sentence, **see** Pa.R.Crim.P. [720]; (3) whether [A]ppellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010) (citation omitted).  Here, Appellant filed a timely notice of appeal; however, as the Commonwealth argues, Appellant did not preserve his claim that the trial court failed to consider his individual, rehabilitative needs in imposing sentence.

As we indicated above, "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa.Super. 2012) (*en banc*) (citation omitted).  In the case *sub judice*, despite being advised of his post-sentence rights, Appellant did not file a post-sentence motion. Moreover, Appellant did not present an objection on this basis during his sentencing hearing.  Accordingly, we deem this issue to be waived.[3]  **See id.**

---

[3] Appellant's inclusion of this claim in his Pa.R.A.P. 1925(b) statement does not obviate waiver for failing to raise the claim properly in the lower court. ***See Commonwealth v. Foster***, 960 A.2d 160 (Pa.Super. 2008). Moreover, we note that Appellant failed to include a separate Pa.R.A.P. 2119(f) statement in his brief, and the Commonwealth has specifically objected to

*(Footnote Continued Next Page)*

With regard to Appellant's specific claim that, contrary to the parties' plea agreement, the trial court abused its discretion in applying the "use," as opposed to the "possession," of a deadly weapon sentencing enhancement matrix, we note the following:

> Following the acceptance of a negotiated plea, the trial court is not required to sentence a defendant in accordance with the plea agreement. Such a sentence is legal, so long as it does not exceed the statutory maximum. However, a criminal defendant who is sentenced to more than was agreed upon in a negotiated plea may withdraw his guilty plea upon being deprived of the benefit of his bargain.

*Commonwealth v. Tann*, 79 A.3d 1130, 1133 (Pa.Super. 2013) (citations omitted).

Here, Appellant does not allege that he should be permitted to withdraw his guilty plea, and he did not seek to do so in the trial court. *See Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa.Super. 2006) (holding that to preserve an issue related to the entry of a guilty plea, the appellant must either object at the sentencing colloquy, raise the issue at the sentencing hearing, or file a timely post-sentence motion). Further, he does not allege that his sentence exceeded the statutory maximum or that his sentence is otherwise "illegal." Rather, he contends that the trial court abused its discretion in failing to apply the "use," as opposed to the

*(Footnote Continued)* ───────────────

the statement's absence. *See* Commonwealth's Brief at 2. Thus, his claim is further waived on this basis. *See Foster*, *supra*.

- 6 -

"possession," of a deadly weapon sentencing enhancement matrix in violation of the parties' plea agreement.

Appellant's claim implicates the discretionary aspects of his sentence. *See Commonwealth v. Kneller*, 999 A.2d 608, 613 (Pa.Super. 2010) (*en banc*) ("[A] challenge to the application of the deadly weapon enhancement implicates the discretionary aspects of sentencing."); *Commonwealth v. Berry*, 877 A.2d 479 (Pa.Super. 2005) (*en banc*) (holding that an appellant's claim that he was sentenced in violation of his plea agreement did not implicate the legality of his sentence). The Commonwealth argues that Appellant has waived this claim by failing to present it in a post-sentence motion or lodging an objection during the sentencing hearing. We agree and conclude Appellant has waived this claim for review.[4] *See Lamonda*, *supra*.

In his final claim, Appellant requests that we remand this matter for an evidentiary hearing based on after-discovered evidence, *i.e.*, the discovery of his co-defendant's[5] cell phone.

_____

[4] As discussed *supra*, Appellant's inclusion of this claim in his Pa.R.A.P. 1925(b) statement does not obviate waiver for failing to raise the claim properly in the lower court. *Foster*, *supra*. Moreover, as indicated *supra*, the Commonwealth specifically objected to Appellant's failure to include a separate Pa.R.A.P. 2119(f) statement in his brief, and thus, his claim is waived on this basis, as well. *See id.*

[5] The charging documents listed Tony Angelo Stevens as Appellant's co-defendant and, in the affidavit of probable cause, the charging officer

*(Footnote Continued Next Page)*

Pennsylvania Rule of Criminal Procedure 720, relating to post–

sentence procedures and appeal, provides in pertinent part:

> (C) **After–Discovered Evidence.** A post–sentence motion for a new trial on the ground of after–discovered evidence must be filed in writing promptly after such discovery.

Pa.R.Crim.P. 720(C) (bold in original). *See Commonwealth v. Castro*,

625 Pa. 582, 93 A.3d 818, 828 (2014) (noting that Rule 720(C) requires a

motion for after–discovered evidence to be filed promptly upon the discovery

of such evidence). The Comment to Rule 720 relevantly states that:

> [A]fter-discovered evidence discovered during the post-sentence stage must be raised promptly with the trial judge at the post-sentence stage; after–discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge.

Pa.R.Crim.P. 720, Comment.

It is well-settled that, to obtain relief, the after-discovered evidence

claim must meet a four-prong test:

> (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. At an evidentiary hearing, an appellant must show by a preponderance of the evidence that each of these factors has been met in order for [new proceedings] to be warranted.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

indicated that Mr. Stevens admitted that he drove Appellant to the Family Dollar store so that Appellant could commit the robbery.

*Commonwealth v. Rivera*, 939 A.2d 355, 359 (Pa.Super. 2007) (citation omitted).[6]

Further, as our Supreme Court has explained, to warrant an evidentiary hearing on a claim of after-discovered evidence, the request must, at the very least, "describe the evidence that will be presented at the hearing. Simply relying on conclusory accusations...is insufficient to warrant a hearing." *Castro*, 625 Pa. at 598, 93 A.3d at 827 (footnote omitted). "[T]he hearing is for the presentation of evidence, not the potential discovery of evidence. An evidentiary hearing...is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim[.]" *Id.* at 598-99, 93 A.3d at 827-28 (quotation marks and quotation omitted).

Instantly, Appellant's entire appellate argument with regard to his after-discovered evidence claim is as follows:

> [Following sentencing], Appellant was...remanded to the custody of the Warden at the Somerset County Jail for his transfer to a State Correctional Institution, at which point his fiancé attempted to retrieve his personalty, including Appellant's cell phone. However, his fiancé was given his co-defendant's cell phone and, upon realizing that it was not Appellant's, she returned it immediately to the Somerset County District Attorney's Office. In relaying this information to Appellant,

---

[6] Although Appellant's sentence resulted from a plea of guilty, rather than as a result of a trial, "[a]ny after-discovered evidence which would justify a new trial would also entitle [a] defendant to withdraw his guilty plea." *Commonwealth v. Peoples*, 456 Pa. 274, 275, 319 A.2d 679, 681 (1974).

Appellant averred that his co-defendant's cell phone has exculpatory information contained thereon that could exonerate him from some of the charges. Following a discussion of the sentence and the discovery of this evidence with counsel, Appellant filed a Notice of Appeal[.]

\*\*\*

The evidence on Appellant's co-defendant's phone was not available prior to trial to Appellant as it was in police custody. It was not even available to be obtained until after Appellant's custody was transferred from the Somerset County Jail to the Pennsylvania Department of Corrections. The evidence contained on that cell phone is neither corroborative nor cumulative as it eliminates the deadly weapon used/possessed issue altogether. The evidence would be used to exonerate Appellant from the applicability of the sentencing enhancements applied and contemplated in this case. More importantly, the evidence on the cell phone is of the nature that the plea offered to and accepted by Appellant in this case would prove improper, as well as the sentencing enhancements. Due to the aforementioned, the four-prong test...is met and the case should be remanded for new proceedings.

\*\*\*

Appellant's case is unusual in that evidence negating the aforementioned sentencing concerns was discovered after his guilty plea and sentence. Under Pennsylvania law, 1) when the evidence was obtained and was unavailable before trial; 2) when the evidence is not "merely corroborative or cumulative," 3) when the evidence is not used to impeach a witness [in] his case...the lower court can conduct a hearing..., and can then "opine on [Appellant's] alleged after-discovered evidence."

Appellant's Brief at 18, 21, 25 (quotation omitted).

Assuming, *arguendo*, Appellant raised his claim "promptly" upon discovery of his co-defendant's cell phone,[7] we conclude Appellant has not

---

[7] Appellant indicates he learned of the existence of his co-defendant's cell phone some time after sentencing. He subsequently presented his after-
*(Footnote Continued Next Page)*

met the pleading requirements for an evidentiary hearing under Rule 720. Based on Appellant's argument, as set forth *supra*, we discern no basis upon which to conclude that Appellant's co-defendant's cell phone, itself, constitutes "evidence...of such a nature and character that a different outcome is likely." ***Rivera***, 939 A.2d at 359.

Moreover, although Appellant summarily argues there is "evidence" on the cell phone that could exonerate him and/or limit the applicability of the deadly weapon sentencing enhancements, Appellant has not described or identified what information or evidence the cell phone contains. ***See id.*** His vague and conclusory assertions are insufficient to meet the benchmarks necessary to warrant a hearing under ***Castro***, ***supra***. As our Supreme Court has held, "[a]n evidentiary hearing...is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim." ***Id.*** at 599, 93 A.3d at 828.

While Rule 720's Comment explains that the rule requires a motion for after-discovered evidence be filed promptly upon the discovery of such evidence, there must be actual discovery of actual evidence, not merely the possibility of such evidence. ***See id.*** The relevant motion or after-discovered evidence claim is not to serve as a preemptive means of securing a hearing that will itself comprise the investigation. ***Id.*** Appellant needed to

*(Footnote Continued)* —————————

discovered evidence claim for the first time in his Rule Pa.R.A.P. 1925(b) statement.

- 11 -

do more than point to the existence of his co-defendant's cell phone as a potential resource to aid his cause; he needed to clearly articulate in his claim how the cell phone, or what evidence from the cell phone, he would present to meet the after-discovered evidence test. As he failed to do this, we discern no basis to remand this matter for an evidentiary hearing. **See Castro**, **supra**.

For all of the foregoing reasons, we affirm.

Affirmed.

Dubow, J. joins the opinion.

Olson, J. Concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2017