J-S47009-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON ALEXANDER | : | |
| | : | |
| Appellant | : | No. 1367 WDA 2017 |

Appeal from the Judgment of Sentence November 29, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003609-2013

BEFORE:   OLSON, J., McLAUGHLIN, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY OLSON, J.:                    FILED AUGUST 06, 2018

Appellant, Aaron Alexander, appeals from the November 29, 2016 judgment of sentence, as made final by the denial of his post-sentence motion on August 18, 2017.  We affirm.

As our resolution of this appeal is based on the procedural posture of this case, we need not set forth the factual background.  On April 14, 2014, Appellant pled guilty to possession with intent to deliver a controlled substance,[1] possession of a controlled substance by an unregistered person,[2] and simple assault.[3]  The trial court sentenced him to an aggregate term of 9

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

[3] 18 Pa.C.S.A. § 2701(a)(1).

_____
*   Retired Senior Judge assigned to the Superior Court.

to 18 months' at Renewal, an inpatient drug and alcohol treatment facility, and two years' probation. On November 29, 2016, the trial court found Appellant violated the terms of his probation, revoked his probation, and re-sentenced him to 30 to 60 months' imprisonment.

On July 21, 2017, Appellant filed a PCRA petition seeking to have his direct appellate rights reinstated nunc pro tunc. On July 25, 2017, the PCRA court granted the petition and reinstated his direct appellate rights nunc pro tunc. On August 14, 2017, Appellant filed a post-sentence motion. On August 18, 2017, the trial court denied the post-sentence motion. This timely appeal followed.[4]

Appellant presents one issue for our review:

> Whether the trial court abused its discretion at sentencing [by imposing an excessive sentence] . . . ?

Appellant's Brief at 4 (complete capitalization removed).

In his lone issue, Appellant argues that he received an excessive sentence. This issue challenges the discretionary aspects of his sentence. Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. See 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. Id.

In order to reach the merits of a discretionary aspects claim,

_____

[4] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his or her issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

Commonwealth v. Foust, 180 A.3d 416, 439 (Pa. Super. 2018) (cleaned up). Appellant filed a timely notice of appeal and preserved the issue in his post-sentence motion. He failed, however, to include a Pennsylvania Rule of Appellate Procedure 2119(f) statement in his appellate brief and the Commonwealth objected to this omission in its brief. Thus, Appellant waived the challenge to the discretionary aspects of his sentence. See Commonwealth v. Heaster, 171 A.3d 268, 272 n.3 (Pa. Super. 2017), appeal denied, 181 A.3d 1078 (Pa. 2018) (citation omitted). As Appellant failed to preserve any challenge to his judgment of sentence, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/06/2018