J-A21018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER DIAZ | : | |
| | : | |
| Appellant | : | No. 2137 EDA 2017 |

Appeal from the Judgment of Sentence May 22, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000992-2011

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                      **FILED OCTOBER 09, 2018**

Appellant, Alexander Diaz, appeals from the judgment of sentence entered on May 22, 2017, following resentencing on his jury trial convictions for possession with intent to deliver a controlled substance (PWID), possession of drug paraphernalia, and conspiracy.[1]  Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows.  A jury found Appellant guilty of the aforementioned crimes on December 8, 2011.  On April 25, 2012, the trial court sentenced Appellant to four to eight years of imprisonment for PWID, 10 years of probation for conspiracy (consecutive to PWID), and one year of probation for possession of drug paraphernalia (consecutive to the other two sentences).  On March 16, 2017, this Court vacated Appellant's judgment of sentence and remanded

---

[1] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(32), and 18 Pa.C.S.A. § 903, respectively.

the matter for resentencing. *See Commonwealth v. Diaz*, 168 A.3d 318 (Pa. Super. 2017) (unpublished memorandum). In that decision, we determined that the trial court erred in imposing a mandatory minimum sentence for PWID under 18 Pa.C.S.A. § 6317 (drug-free school zones). Upon remand, on May 22, 2017, the trial court sentenced Appellant to 30 to 90 months of imprisonment for PWID, with a consecutive term of 10 years of probation for conspiracy, and one year of probation for possession of drug paraphernalia, concurrent to his sentence for conspiracy. This timely appeal resulted.[2]

---

[2] At the conclusion of his re-sentencing hearing, Appellant signed a statement acknowledging he received an explanation of his post-sentence rights. N.T., 5/22/2017, at 11. Counsel for Appellant did not object to the new sentence as excessive at the resentencing hearing and did not file a post-sentence motion to reconsider Appellant's new sentence. Appellant filed a *pro se* notice of appeal while incarcerated, despite his representation by counsel. "While hybrid representation is generally not permitted, our Supreme Court has held that a *pro se* notice of appeal from a judgment of sentence filed by a represented appellant is not automatically void." *Commonwealth v. Johnson*, 2018 WL 3197588, at *2 (Pa. Super. 2018) (citation omitted). Moreover, pursuant to the prisoner mailbox rule, we deem a *pro se* prisoner's document filed on the date he delivers it to prison authorities for mailing, in this case, June 19, 2017. *See id.* Thus, we deem the appeal timely. Appellant also filed a *pro se* concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on July 24, 2017. On October 23, 2017, this Court entered a *per curiam* order remanding the matter to the trial court because court-appointed trial counsel failed to file a timely criminal docket statement with this Court and did not respond to this Court's correspondence. We directed the trial court to determine whether trial counsel abandoned Appellant and, if so, whether Appellant was eligible for new, court-appointed counsel. On November 14, 2017, the trial court appointed Tiffany Griffin, Esquire to represent Appellant. Attorney Griffin did not seek *nunc pro tunc* relief to file a post-sentence motion on Appellant's behalf.

On appeal, Appellant raises the following issues for our review:

1. Is it not evident [that] Appellant's sentence of 30 months to 90 months is in gross excess of the standard range, which is [three] months to 12 months [of] incarceration, that the [trial] court erred by applying the school zone enhancement for sentencing purposes?

2. Without explanation, did the [trial] court's sentence of 2½ to 7½ years' incarceration for the [PWID] conviction [of] 0.11 grams of a schedule I controlled substance, wildly deviate from the standard range, and its unduly harsh 10-year consecutive probation for [Appellant's] [c]onspiracy conviction prove an abuse of the court's discretion.

Appellant's Brief at 4.

Both of Appellant's issues involve the discretionary aspects of sentencing. The application of a sentencing enhancement for selling drugs near a school zone implicates the discretionary aspects of sentencing:

[E]nhancements only direct a sentencing court to consider a different range of **potential** minimum sentences, while preserving a trial court's discretion to fashion an individual sentence. By their very character, sentencing enhancements do not share the attributes of a mandatory minimum sentence that the Supreme Court held to be elements of the offense that must be submitted to a jury. The enhancements do not bind a trial court to any particular sentencing floor, nor do they compel a trial court in any given case to impose a sentence higher than the court believes is warranted. They require only that a court consider a higher range of possible minimum sentences. Even then, the trial court need not sentence within that range; the court only must consider it.

---

Instead, she filed a supplemental concise statement pursuant to Pa.R.A.P. 1925(b) on January 30, 2018. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 9, 2018.

*Commonwealth v. Ali*, 112 A.3d 1210, 1226 (Pa. Super. 2015) (emphasis in original), *vacated and remanded on other grounds*, 149 A.3d 29 (Pa. 2016) (examining the admissibility of victim impact testimony at sentencing). Moreover, Appellant's second claim that the trial court imposed an excessive sentence, above the standard sentencing guideline range, also implicates the discretionary aspects of sentencing. *See Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) ("The sentencing guidelines are not mandatory, and sentencing courts retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the guidelines.").

This Court has previously determined:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Patterson*, 180 A.3d 1217, 1232 (Pa. Super. 2018) (internal case citation omitted).

Here, Appellant filed a timely notice of appeal and included in his brief a concise statement of the reasons relied upon for allowance of appeal

- 4 -

pursuant to Pa.R.A.P. 2119(f). However, Appellant failed to raise either the school-zone enhancement or excessiveness of sentence claims at the resentencing hearing or in a post-sentence motion. "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Heaster*, 171 A.3d 268, 272 (Pa. Super. 2017). Accordingly, Appellant waived his challenges to the trial court's sentencing discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/18