J-S47019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ENRIQUE SOTO :
:
Appellant : No. 1649 WDA 2017

Appeal from the Judgment of Sentence Entered January 19, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004795-2016

BEFORE: OLSON, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED NOVEMBER 13, 2018**

Enrique Soto appeals from the judgment of sentence entered following

his pleas of guilty to the charges of aggravated assault, criminal conspiracy,

endangering the welfare of a child, simple assault of a child, and recklessly

endangering another person.[1] We affirm.

Soto pleaded guilty to the above-listed charges on October 25, 2016.

Soto admitted that he had watched and laughed while Anna Russell, his co-

defendant, inflicted at least 15 cigarette burns on her then-one-year-old child.

In exchange for Soto's plea, the Commonwealth amended the charges to

reduce the grading of the aggravated assault charge from a first-degree felony

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(8), 903, 4304(a), 2701(b)(2), and 2705,
respectively.

to a second-degree felony.[2] The parties made no agreement as to Soto's sentence.

Following a pre-sentence investigation and a sentencing hearing on January 19, 2017, the trial court sentenced Soto to an aggregate term of 38 to 76 months' incarceration. Soto's sentence was comprised of a term of 19 to 38 months' incarceration for aggravated assault and a consecutive term of 19 to 38 months' incarceration for conspiracy. Soto did not object to the sentence during the sentencing hearing or challenge it in a post-sentence motion for reconsideration. Nor did he at that time file a direct appeal.

Soto thereafter filed a Post-Conviction Relief Act[3] ("PCRA") petition. The PCRA court appointed counsel, who sought reinstatement of Soto's direct appeal rights *nunc pro tunc*. The petition did not request the reinstatement of post-sentence rights.

The PCRA court granted the petition and reinstated Soto's right to a direct appeal without reinstating Soto's post-sentence rights. Soto filed the instant direct appeal from his judgment of sentence. He presents the following question: "Did the [t]rial [c]ourt abuse its discretion when it denied [Soto]'s Motion to Modify Sentence and where the sentence that was imposed did not make a meaningful inquiry into the factors set forth in 42 Pa.C.S.A. § 9721?" Soto's Br. at 5.

_____

[2] Soto was initially charged under 18 Pa.C.S.A. § 2702(a)(2).

[3] **See** 42 Pa.C.S.A. §§ 9541-9546.

Soto's challenge goes to the discretionary aspects of sentence, we must therefore determine whether (1) his appeal is timely, (2) he preserved the issue at sentencing or in a motion to reconsider and modify sentence, (3) he included a Pa.R.A.P. 2119(f) statement,[4] and (4) there is a substantial question that his sentence is not appropriate under the Sentencing Code. **See Commonwealth v. Heaster**, 171 A.3d 268, 271-72 (Pa.Super. 2017*), appeal denied*, 181 A.3d 1078 (Pa. 2018).

Soto's appeal is timely, and his brief includes a Pa.R.A.P. 2119(f) statement. However, he did not preserve his sentencing claim by first raising it before the trial court, either at the time of sentencing or in a post-sentence motion. Although the language Soto uses in the question he presents on appeal suggests that he filed a post-sentence motion in the nature of a motion to modify sentence, Soto filed no such motion, and he did not otherwise raise his sentencing issue before the trial court. Rather, he first raised the question in his Rule 1925(b) statement. Soto thus waived his challenge to discretionary aspects of his sentence. **See Heaster**, 171 A.3d at 272.

Even if he had not waived his sentencing challenge, we would reject it. Soto argues that his individual "sentence[s] in the aggravated range of the [S]entencing [G]uidelines and running consecutively are manifestly

---

[4] "An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence." Pa.R.A.P. 2119(f).

excessive," and that the trial court "failed to adequately consider [Soto]'s facts and circumstances and [focused] solely on the offensive conduct." Soto's Br. at 10. To the extent he argues that his aggregate sentence is excessive due to the consecutive nature of his individual sentences, he has failed to invoke our jurisdiction. He does not discuss the length of his aggregate sentence in comparison to his criminal conduct, or cite any fact the court allegedly failed to consider that would have warranted non-consecutive sentences. Such a bald claim of excessiveness due to the imposition of consecutive sentences does not raise a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa.Super. 2013).

To the extent he contends that the sentencing court focused solely on the nature of the crime, he would state a substantial question. *See Commonwealth v. Boyer*, 856 A.2d 149 (Pa.Super.2004). However, we would reject his argument as meritless. The sentencing court here reviewed the pre-sentence investigation report, and we therefore presume that it was aware of all relevant sentencing factors. *Commonwealth v. Finnecy*, 135 A.3d 1028, 1038 (Pa.Super. 2016). Soto does not attempt to rebut that presumption.

Soto's further argument in his brief that his sentence was unreasonable because it was greater than the sentence that Russell received likewise entitles him to no relief. Soto's Br. at 18. This issue does not appear in any form in Soto's Rule 2119(f) statement, and he thus does not even attempt to establish our jurisdiction over this question.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/13/2018