J-S67015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE MAJOR | : | |
| | : | |
| Appellant | : | No. 2442 EDA 2017 |

Appeal from the Judgment of Sentence February 13, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005516-2014

BEFORE: OTT, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.: **FILED JANUARY 07, 2019**

George Major appeals *nunc pro tunc* from the judgment of sentence imposed on February 13, 2015, in the Court of Common Pleas of Philadelphia County. A jury found Major guilty of two counts of aggravated assault, and one count each of firearms not to be carried without a license, carrying firearms on public streets or public property, possessing an instrument of crime and terroristic threats.[1] In addition, the trial court convicted Major of persons not to possess firearms.[2] The trial court sentenced Major to eight to 16 years' incarceration on one count of aggravated assault, with no further penalty imposed on the remaining convictions. Major contends (1) the trial

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(1) and (a)(5), 6106(a)(1), 6108, 907(a), and 2706(a)(1).

[2] 18 Pa.C.S. § 6105(a)(1).

court's failure to reinstate his right to file post-sentence motions to challenge the discretionary aspects of his sentence amounts to a deprivation of due process as protected under the 5th and 14th Amendments of the United States Constitution and Article I § 9 of the Pennsylvania Constitution, and (2) the trial court abused its discretion when it sentenced him to a manifestly excessive term of eight to 16 years' incarceration, in violation of the considerations pursuant to 42 Pa.C.S. § 9721(b). Based upon the following, we affirm.

The trial court summarized the relevant facts of this case, as follows:

The facts of this case are not in dispute. On March 15, 2014, at approximately 10:30 p.m., complainant Terrence Reese went to Travelers Motorcycle Club at 20th Street and Ridge Avenue in Philadelphia to have some drinks and shoot pool. At approximately 12:00 a.m., Mr. Reese started to play a round of pool with [Major], whom he had known for several months. During the match, [Major] became annoyed with Mr. Reese's getting the better of him and slammed down his pool stick, yelling "Call your shot." A brief argument ensued and [Major] left the premises. Mr. Reese went outside to smoke a cigarette. While standing by the front door, he observed [Major] retrieve a hand gun from the trunk of his car. [Major] then walked back to the club pointing the handgun at Mr. Reese's chest. Mr. Reese, who was 50 years old at the time, stood there in shock. [Major] "cracked" Mr. Reese in the forehead with the butt of his gun. Blood started gushing out and into his eyes. Mr. Reese bent over, at which point [Major] struck him with the gun two more times in the back of the head. As he repeatedly struck the older male, [Major] stated, "I told you to stop playing with me" . Mr. Reese's head was now split open and gushing blood from the front and the back; undeterred, [Major] pointed his firearm at Mr. Reese's temple and stated, "I should bust you". [Major] then fled the scene in his car.

Mr. Reese went directly to the police station to report the incident; he was covered in blood. Police transported him to the emergency

- 2 -

room at Hahnemann Hospital, where he received numerous stitches and staples to the front and back of his head. Mr. Reese subsequently positively identified [Major] "without hesitation" from a photo array, and [Major] was taken into custody. At trial, Mr. Reese displayed his large, visible scars to the jury, which found [Major] guilty of the above offenses.[3]

> [3] Mr. Reese testified that, prior to trial, he was propositioned with an offer of money not to appear in court. He declined the offer and reported it to detectives. (See 12/02/14, pp. 75-77). At trial, the Commonwealth played audio recordings from prison phone[] call[s] during which [Major] asked for Mr. Reese to be contacted and told not to come to court, and further blamed Mr. Reese for the assault, essentially claiming "he had it coming." The transcripts from these calls were published to the jury and introduced into evidence. (See 12/03/14, pp. 31-34).

Trial Court Opinion, 3/19/2018, at 2-3.

Major did not file a direct appeal. On July 16, 2015, he filed a petition pursuant to the Post Conviction Relief Act (PCRA),[3] alleging ineffective assistance of counsel for failure to file a requested direct appeal. PCRA counsel was appointed and filed an amended petition, additionally alleging ineffectiveness of counsel for failure to file post sentence motions to challenge the discretionary aspects of his sentence. Following an evidentiary hearing on July 21, 2017, the PCRA court reinstated Major's direct appeal rights *nunc pro tunc*, but denied his request to file a post-sentence motion *nunc pro tunc*. This appeal followed.[4]

---

[3] 42 Pa.C.S. §§ 9541-9546.

[4] Major timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

- 3 -

Major contends he was deprived meaningful due process because his post sentence motion rights were not reinstated. He claims the trial court abused its discretion when it sentenced him to a manifestly excessive term of eight to 16 years' incarceration, in violation of the considerations of 42 Pa.C.S. § 9721(b).[5] He argues reinstatement of his direct appeal rights is an empty reward since he remains barred from raising the sole claim raised on appeal — a challenge to the discretionary aspects of his sentence based on his claim the trial court imposed a manifestly excessive sentence of eight to 16 years' incarceration.

To address Major's first issue — whether he was denied meaningful due process when his post-sentence motion rights were not reinstated — we begin with a review of Major's PCRA proceeding that led to this *nunc pro tunc* appeal.

In the PCRA proceeding, not only did Major seek reinstatement of his direct appeal rights, he also sought reinstatement of his post-sentence motion rights, based upon his claim of trial counsel's ineffectiveness for failing to preserve a discretionary aspects of sentencing claim. **See** Pennsylvania Rule of Criminal Procedure 720 (governing post-sentence motions). **See also** **Commonwealth v. Heaster**, 171 A.3d 268, 272 (Pa. Super. 2017), *appeal denied*, 181 A.3d 1078 (Pa. February 14, 2018) (Issues challenging the

---

[5] Section 9721(b) provides, in relevant part: "[T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

discretionary aspects of sentencing must be preserved pursuant to Rule 720, either by raising the claim at sentencing or in a motion to reconsider and modify sentence; if not, they are waived.).

Generally, in reviewing claims of ineffective assistance of counsel, our courts must consider whether there is arguable merit to the underlying claim, whether counsel had a reasonable basis for his or her action or inaction, and whether the petitioner was prejudiced by counsel's ineffectiveness. **See Strickland v. Washington**, 466 U.S. 668, 687 (1984); **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987).

In **Commonwealth v. Reaves**, 923 A.2d 1119 (Pa. 2007), the Pennsylvania Supreme Court explained that in limited situations, the prejudice inquiry "is not required because there are certain circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." **Id**. at 1128 (citation and quotation marks omitted). Nevertheless, the **Reaves** Court held that the failure to file post-sentence motions is not one of those situations, stating that whether "counsel can be deemed ineffective, then, depends upon whether [the defendant] has proven that a motion to reconsider sentence, if filed. . ., would have led to a different and more favorable outcome at [] sentencing." **Id**. at 1131-1132.

Subsequently, in **Commonwealth v. Liston**, 977 A.2d 1089 (Pa. 2008), the Pennsylvania Supreme Court reaffirmed the **Reaves** decision that a petitioner must demonstrate the prejudice prong by rejecting a panel of this Court's holding that would have required an automatic reinstatement of the

right to file a post-sentence motion *nunc pro tunc* whenever a court granted the reinstatement of appellate rights *nunc pro tunc*. **Liston**, 977 A.2d at 1093-1094. Thus, a PCRA petitioner alleging ineffectiveness for failing to file a post-sentence motion must establish **Strickland/Pierce** actual prejudice.

Turning to the present matter, the PCRA judge, who also presided at Major's trial and sentencing, declined to reinstate Major's post-sentence rights, "having determined that [Major] did not meet his burden under **Strickland v. Washington**, 466 U.S. 668 (1984), and **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987). Trial Court Opinion, 3/19/2018, at 2. The PCRA Court found:

> The case law does require that, in regard to the failure to file a post-verdict motion, just phrasing that failure alone in a PCR--in a petition does not meet the defendant's burden.
>
> The defendant has to establish actual prejudice. In this case, he would have to show a basis for actual meritorious – chance of being meritorious on the post-sentence motion to reconsider his sentence.
>
> In this petition, there is no -- as I discussed previously, there was no basis offered by the defendant, other than he believes that the post–sentence motion should have been filed because he got a sentence higher than what he may have anticipated.
>
> That's not enough to show actual merit to the filing of a motion to reconsider sentence.
>
> And, in looking over the notes from the sentencing hearing, indeed, there was a full discussion by the court that went on for pages in regard to Mr. Major's background, Mr. Major's -- both accomplishments in life, as well as Mr. Major's difficulties and prior convictions and criminal record, including, then, the nature of the incident for which he was being tried and sentenced.

N.T., 7/21/2017, at 24-25. Hence, the court concluded Major failed to show a post-sentence motion would have been successful, and therefore he had not proved actual prejudice. **See also** Trial Court Opinion, 3/19/2017, at 7-9 (discussing merits of Major's discretionary aspects of sentencing claim).

Instantly, Major argues that by application of Pa.R.Crim.P. 720, he was denied procedural due process under the 5th and 14th Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. This argument warrants no relief.

The Pennsylvania Supreme Court has explained: "[T]the basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." **Commonwealth v. Turner**, 80 A.3d 754, 764 (Pa. 2013) (citations omitted). "[C]ourts examine procedural due process questions in two steps: the first asks whether there is a life, liberty, or property interest that the state has interfered with; and the second examines whether the procedures attendant to that deprivation were constitutionally sufficient." **Id.** Although Major has cited **Turner**, he has failed to address the due process analysis set forth therein. In any event, here, Major had the opportunity to be heard at the jury trial, and at sentencing, and could have objected to his sentence at the sentencing hearing or in a timely-filed post-sentence motion.

The Pennsylvania Supreme Court has held that "[i]ssue preservation is foundational to proper appellate review." **In the Interest of F.C. III**, 2 A.3d

1201, 1211-1212 (Pa. Super. 2010). Major was not denied due process simply because he was required to comply with our procedural rules to preserve his discretionary aspects of sentencing claim. *See* Pa.R.Crim.P. 720. *See also* Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Additionally, any waived issues are subject to an ineffectiveness of counsel claim under the PCRA. *See* *Commonwealth v. Grant*, 813 A.2d 726, 728 (Pa. 2002) (holding that, in general, all ineffectiveness claims should be raised at the PCRA stage collateral review). In this regard, trial counsel's failure to file a post-sentence motion is no different than any other waived claims. Therefore, Major's first issue fails.

In his final argument, Major contends the trial court abused its discretion in sentencing him to a manifestly excessive term of eight to 16 years' incarceration, in violation of the required considerations of 42 Pa.C.S. § 9721(b). However, as discussed above, Major did not properly preserve his discretionary sentencing claim for review as required by Rule 720, and the PCRA court concluded Major failed to demonstrate actual prejudice that warranted reinstatement of his right to file post-sentence motions.[6] Therefore, this issue is not properly before this Court and we may not review the merits.

Judgment of sentence affirmed.

---

[6] We note that Major did not appeal the PCRA court's finding that he failed to establish prejudice by his counsel's failure to file a post-sentence motion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/19