J-S17027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DANIEL CANCEL :
:
Appellant : No. 3171 EDA 2017

Appeal from the Judgment of Sentence September 11, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002545-2016,
CP-51-CR-0003457-2013

BEFORE: BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED APRIL 11, 2019**

Appellant, Daniel Cancel, appeals from the judgment of sentence entered on September 11, 2017, as made final by the denial of his post-sentence motion by order dated September 21, 2017. We affirm.

As our resolution of this appeal is based on the procedural posture of the case, we need not set forth the factual background at length. In short, while on probation for possession with intent to deliver ("PWID") and conspiracy at docket number 3457-2013,[1] Appellant violently attacked and robbed a young woman after she refused to have sex with him. On June 8, 2017, Appellant, at docket number 2545-2016, pled guilty to attempted

---

[1] 18 Pa.C.S.A. § 780-113(a)(30) and 18 Pa.C.S.A. § 903, respectively.

murder,[2] aggravated assault,[3] robbery,[4] theft by unlawful taking,[5] receiving stolen property,[6] possession of an instrument of crime ("PIC"),[7] simple assault,[8] and recklessly endangering another person.[9]  On September 11, 2017, the trial court sentenced Appellant to ten to 20 years of confinement each for attempted murder and aggravated assault, to run concurrently, ten to 20 years of confinement for robbery, to run consecutively, and two and one-half to five years of confinement for PIC, to run consecutively.  The trial court also found Appellant to be in violation of his probation at docket number 3457-2013, and revoked his probationary sentence.  In addition, the court imposed a new sentence of five to ten years' incarceration for both offenses at docket number 3457-2013, to run consecutively to one another and consecutively to the sentence imposed at docket number 2545-2016.

---

[2] 18 Pa.C.S.A. § 901(a).

[3] 18 Pa.C.S.A. § 2702(a).

[4] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[5] 18 Pa.C.S.A. § 3921(a).

[6] 18 Pa.C.S.A. § 3925(a).

[7] 18 Pa.C.S.A. § 907(a).

[8] 18 Pa.C.S.A. § 2701(a).

[9] 18 Pa.C.S.A. § 2705.

Appellant filed a post-sentence motion for reconsideration of sentence, which the court denied on September 21, 2017. This appeal followed.[10]

Appellant presents one issue for our review:

Whether the trial court abused its discretion in ordering an aggregate sentence of 22 ½ to 45 years' incarceration following a guilty plea where Appellant showed genuine remorse, was heavily under the influence of alcohol at the time of the crime, presented character witnesses, and did not have a significant criminal record[?]

Appellant's Brief at 5.

In his single issue, Appellant argues that he received an excessive sentence because the trial court did not adequately consider certain mitigating factors. This issue challenges the discretionary aspects of his sentence. Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

In order to reach the merits of a discretionary aspects claim,

we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his or her issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

---

[10] On October 18, 2017, the trial court issued an order requiring Appellant to file a concise statement of matters complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court filed its 1925(a) opinion on February 12, 2018.

***Commonwealth v. Foust***, 180 A.3d 416, 438-439 (Pa. Super. 2018) (cleaned up).  Appellant filed a timely notice of appeal and preserved his issue in a post-sentence motion.  He failed, however, to include a Pennsylvania Rule of Appellate Procedure 2119(f) statement in his appellate brief and the Commonwealth objected to this omission in its brief.  Thus, Appellant waived the challenge to the discretionary aspects of his sentence.  ***See Commonwealth v. Heaster***, 171 A.3d 268, 272 n.3 (Pa. Super. 2017), *appeal denied*, 181 A.3d 1078 (Pa. 2018) (citation omitted).  As Appellant failed to preserve any discretionary challenge to his judgment of sentence, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/19