J-A15002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS LOWMAN | : | |
| | : | |
| Appellant | : | No. 1134 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 7, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005134-2016

BEFORE: BOWES, J., STABILE, J., and MUSMANNO, J.

JUDGMENT ORDER BY BOWES, J.: **FILED JULY 9, 2021**

Nicholas Lowman appeals from his judgment of sentence of eleven to twenty-two years of imprisonment.[1] We affirm.

Succinctly, the relevant history of the case is as follows. Appellant was convicted of robbery, conspiracy to commit aggravated assault, and intimidation of a witness and sentenced to an aggregate term of twenty to forty years of imprisonment. This Court affirmed Appellant's convictions but, based upon an improper grading of the intimidation offense, vacated the

---

[1] In the form Appellant utilized to file the instant appeal, he erroneously inserted the date on which he filed the notice as the date of the appealed-from order. However, as it is clear that he intended to appeal the sentencing order of February 7, 2020, we have amended the caption accordingly. **See**, **e.g.**, **Commonwealth v. Lawrence**, 99 A.3d 116, 117 (Pa.Super. 2014) ("[A] direct appeal in a criminal case can only lie from the judgment of sentence. We have therefore amended the caption accordingly." (cleaned up)).

sentence and remanded for resentencing. *See Commonwealth v. Lowman*, 603 EDA 2018, 2019 WL 3231380 (Pa.Super. July 18, 2019) (non-precedential decision). On February 7, 2020, the trial court resentenced Appellant to the term of incarceration indicated above. Appellant filed no post-sentence motion, but did file a timely notice of appeal.[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two questions for this Court's consideration:

I. Whether the aggregate sentence of 11 to 22 years of incarceration is excessive given the mitigating factors in this case, including Mr. Lowman's expression of remorse and acceptance of responsibility for his actions, strong family support, and demonstrated history of drug dependence?

II. Whether the aggregate sentence of 11 to 22 years of incarceration unreasonably exceeds the sentencing guidelines, which called for 72 to 84 months in the standard range?

Appellant's brief at 4.

Appellant's issues challenge the discretionary aspects of his sentence. Accordingly, the following principles apply:

---

[2] As Appellant's *pro se* notice of appeal was not docketed until April 29, 2020, this Court issued a rule to show cause why the appeal should not be quashed as untimely. In response, Appellant established that the notice was deposited with prison authorities no later than March 7, 2020. *See* Appellant's Response to Rule to Show Cause, 7/31/20, at Exhibit B. Accordingly, the appeal was timely filed pursuant to the prisoner mailbox rule. *See* Pa.R.A.P. 121(f). We further note that, although Appellant had counsel of record at the time of the filing, the *pro se* notice effectuated the appeal. *See*, *e.g.*, *Commonwealth v. Hopkins*, 228 A.3d 577, 580–81 (Pa. Super. 2020) (explaining that, while *pro se* filings by represented parties are generally legal nullities, "when a counseled defendant files a *pro se* notice of appeal, the appeal is not a legal nullity and has legal effect").

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect [pursuant to] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Lucky*, 229 A.3d 657, 663–64 (Pa.Super. 2020) (cleaned up).

Although Appellant filed a timely filed a notice of appeal, he did not preserve his issues by raising them at the sentencing proceeding or by filing a motion to modify sentence. Consequently, they are waived. *See*, *e.g.*, *Commonwealth v. Heaster*, 171 A.3d 268, 272 (Pa.Super. 2017) ("Appellant did not file a post-sentence motion. Moreover, Appellant did not present an objection on this basis during his sentencing hearing. Accordingly, we deem this issue to be waived.").

Therefore, because Appellant has failed to preserve any of the challenges he raises to his judgment of sentence, we have no basis to disturb it.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/9/2021</u>