J-S25030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIO CINTRON | : | |
| | : | |
| Appellant | : | No. 184 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 19, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003263-2022

BEFORE:  PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 27, 2025**

Appellant, Julio Cintron, appeals from the judgment of sentence imposed by the Philadelphia Court of Common Pleas following his jury conviction of four sexual abuse offenses committed against a minor child ("Victim").  He challenges the weight of the evidence and the discretionary aspects of his sentence.  After careful review, we affirm.

The trial court aptly summarized the facts underlying this appeal as follows:

> The [V]ictim's mother, Brittany Gonzalez, began a romantic relationship with Juliana Cintron, Appellant's sister in September of 2015.  They purchased a home together in 2016, during which time Appellant, her brother, "was always there" often times visiting his sister Juliana and spending the night.  During the relationship, Appellant would inappropriately touch the seven[-] or eight[-]year[-]old [V]ictim, make [V]ictim inappropriately touch him, and make her watch him touch himself.  [V]ictim did not initially report these incidents because she 'didn't know any better' and 'thought it was normal.'  [When she was thirteen years

old, V]ictim told Juliana, her step-mom, [and her mother] about the abuse in 2021 because Brittany and Juliana were breaking up and [V]ictim 'took it as a last opportunity to tell somebody' which resulted in Juliana taking [V]ictim and Brittany to the police station to report the sexual abuse. [V]ictim would later testify that her decision to tell someone was prompted in part due to feeling that Appellant's behavior was wrong because she noticed 'nobody was touching me anymore' which she had previously perceived as normal.

Tr. Ct. Op., 3/25/25, at 2.

The Commonwealth charged Appellant with one count each of Corruption of Minors-Defendant Age 18 or above, Indecent Exposure, Indecent Assault Person Less than 13 Years of Age, and Unlawful Contact with Minor–Sexual Offenses.[1,2] Appellant proceeded to a jury trial on July 23, 2024.

At trial, Victim "testified that the sexual encounters with Appellant happened more than once, testified to [ ]specific incidents . . . , and testified that it started when she was seven or eight years old and stopped when she and her mother moved out of the Cottman Avenue house." Tr. Ct. Op., at 5 (citations to N.T. omitted). "Although [V]ictim did not remember the exact time frame during which these sexual encounters with Appellant occurred, further testimony from [V]ictim's mother would reveal that the abuse likely occurred between 2016 and 2021." **Id**. The Commonwealth also presented testimony from Philadelphia Police Detective Brian Meissler who worked with the Special Victims Unit and interviewed Victim.

_____

[1] 18 Pa.C.S. §§ 6301(a)(1)(ii), 3127(a), 3126(a)(1), 6318(a)(1).

[2] The Commonwealth also charged Appellant with simple assault, 18 Pa.C.S. § 2701(a), which it later _nolle prossed_.

Following the Commonwealth's case in chief, Appellant moved for a partial judgment of acquittal, which the court denied. Appellant presented the testimony of Detective James Poulus who had interviewed Juliana Cintron. Although subpoened by the defense, Ms. Cintron did not appear at trial.

The jury convicted Appellant of the above offenses on July 24, 2024, and the court ordered a pre-sentence investigation ("PSI") report and a mental health evaluation.

On December 19, 2024, following lengthy discussion, the court noted that it had considered "Appellant's mental health diagnosis, his potential developmental delays, Appellant's own experience suffering abuse as a child, substance abuse as a potential form of self-medication, being involuntarily committed on numerous occasions, all of which contributed to Appellant's own history of trauma." Tr. Ct. Op., at 10, citing N.T. - Sent'g, 12/19/24, at 22-29. After acknowledging the Commonwealth's request for sentences of 15 to 30 months' imprisonment, the court sentenced Appellant to 11½ to 23 months' incarceration with no early parole on each of the indecent assault and unlawful contact with a minor convictions, to run concurrently, followed by 5 years' probation. The court further imposed terms of 5 years' probation for the corruption of minors and indecent exposure convictions to run

concurrently with the other 5-year probationary terms.[3] In its Pa.R.A.P. 1925(a) Opinion, the court noted that because of

> Appellant's convictions of three third degree felonies and one first degree misdemeanor, Appellant could have faced a sentence of 26 years' incarceration in a state penitentiary. Instead, this court accounted for circumstances that contributed to Appellant's difficult life and crafted a sentence that permitted Appellant to receive the benefit of Philadelphia County services, mental health treatment, and the ability to stay local for the benefit of his family.

Tr. Ct. Op., at 10-11.

Appellant did not file a post-sentence motion.

Appellant timely appealed and both Appellant and the trial court complied with Rule 1925. Appellant raises the following issues for our review:

> 1. Whether the jury verdict was against the greater weight of evidence as a matter of law to establish [Appellant's] guilt beyond a reasonable doubt on all charges?
>
> 2. Whether the lower court erred and abused its discretion in sentencing [Appellant] in that it failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence when it imposed the sentence in question?

Appellant's Br. at 9.

Appellant first challenges the weight of the evidence. Upon review of the record, however, we conclude that Appellant has waived this claim for failure to preserve it pursuant to Pennsylvania Rule of Criminal Procedure 607(A).

---

[3] Pursuant to the Sexual Offenders' Registration and Notice Act ("SORNA"), Appellant is subject to lifetime registration as a Tier III sexual offender. ***See*** 42 Pa. C.S. § 9799.14(d)(8)

Rule 607(A) provides that "[a] claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Since Appellant failed to comply with Rule 607(A), we conclude that he has waived his first issue on appeal. *See Commonwealth v. Bryant*, 57 A.3d 191, 196-97 (Pa. Super. 2012) (appellant's weight of evidence claim waived for failure to raise it in trial court prior to sentencing and for failure to file a post-sentence motion challenging weight of evidence).

In his second issue, Appellant purports to challenge the discretionary aspects of his sentence. An appellant may not challenge discretionary aspects of a sentence as of right. *See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). Rather, the appellate court treats an appellant's challenge to the discretionary aspects of a sentence as a petition seeking permission to appeal. *See Commonwealth v. Heaster*, 171 A.3d 268, 271 (Pa. Super. 2017). To invoke this Court's jurisdiction to review a challenge to the discretionary aspects of a sentence, the appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the [s]entencing [c]ode.

*Commonwealth v. Crawford*, 257 A.3d 75, 78 (Pa. Super. 2021) (citation omitted). "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Dempster*, 187 A.3d at 272 (citation omitted).

Here, the record indicates that Appellant failed to preserve his challenge to the discretionary aspects of his sentence because he failed to raise it at sentencing or in a post-sentence motion. He, thus, has not invoked our jurisdiction and, further, has waived his challenge.

In sum, having found both Appellant's weight claim and sentencing challenge waived for failing to preserve them for appellate review, we affirm the judgment of sentence.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/27/2025