J-S57033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GILB SANTIAGO-HERNANDEZ, | : | |
| | : | |
| Appellant | : | No. 755 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 10, 2018
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002077-2018

BEFORE: BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:        **FILED DECEMBER 24, 2019**

Gilb Santiago-Hernandez ("Santiago-Hernandez") appeals from the judgment of sentence imposed following his guilty plea to three counts of simple assault, and one count each of recklessly endangering another person, disorderly conduct, and resisting arrest.[1] Additionally, Robert M. Buttner, Esquire ("Attorney Buttner"), has filed an Application to Withdraw as Counsel, and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We grant Attorney Buttner's Application to Withdraw, and affirm Santiago-Hernandez's judgment of sentence.

During the plea hearing, Santiago-Hernandez agreed to the following statement of facts:

> On May 31st of 2018, [Santiago-Hernandez] did intentionally punch Amy B[e]ndick [("Bendick"), his girlfriend,] in the face, as

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 2705, 5503(a)(1), 5104.

well as punch [Edwardsville Police] Officer Michael Lehman in the face, as well as [O]fficer Nicholas Rebal in the face. [Santiago-Hernandez] also recklessly endangered [] B[e]ndick by a course of conduct that put her at risk of bodily injury. He also engaged in a fight with the police that came to arrest him that day[,] as well as resisted arrest once the police were on the scene to take him into custody.

N.T., 10/22/18, at 5.

On October 22, 2018, Santiago-Hernandez pled guilty to the above-mentioned charges.[2] Santiago-Hernandez also agreed to have no contact with the victims; to undergo an anger management evaluation, and comply with the recommendations; and to undergo a mental health evaluation and batterer's intervention evaluation, and to follow the recommendations. The trial court deferred sentencing and ordered a pre-sentence investigation report ("PSI").

On December 10, 2018, the trial court sentenced Santiago-Hernandez to an aggregate prison term of 11-23 months. The court also ordered Santiago-Hernandez to complete 40 hours of community service. Additionally, the court directed that Santiago-Hernandez would be immediately eligible for work release, and, upon Bendick's request, permitted Santiago-Hernandez to resume contact with Bendick.

---

[2] Santiago-Hernandez agreed to plead guilty in exchange for withdrawal of additional remaining charges. However, the plea agreement did not include an agreement as to a specific negotiated sentence or a sentencing recommendation.

Santiago-Hernandez filed a Motion to Modify Sentence the following day, requesting that the court modify his sentence to a term of probation or house arrest. On April 5, 2019, the trial court denied Santiago-Hernandez's Motion to Modify Sentence. Santiago-Hernandez thereafter filed a timely Notice of Appeal. The trial court ordered Santiago-Hernandez to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In lieu of filing a concise statement, Attorney Buttner filed a Statement of his intention to withdraw as counsel. On August 26, 2019, Attorney Buttner filed an Application to Withdraw as Counsel, and an accompanying *Anders* Brief.

We must first determine whether Attorney Buttner has complied with the dictates of *Anders* in petitioning to withdraw from representation. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.") (citation omitted). Pursuant to *Anders*, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the [appellate] court.

*Commonwealth v. Burwell*, 42 A.2d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, Attorney Buttner has complied with the requirements set forth in *Anders* by indicating that he reviewed the record and determined that Santiago-Hernandez's appeal would be wholly frivolous. Further, the record contains a copy of the letter that Attorney Buttner sent to Santiago-Hernandez, informing him of Attorney Buttner's intention to withdraw, and advising him of his rights to proceed *pro se*, retain counsel, and file additional claims.[3]  Finally, Attorney Buttner's *Anders* Brief meets the standards set forth in *Santiago*.  Because Attorney Buttner has complied with the procedural requirements for withdrawing from representation, we will

---

[3] Santiago-Hernandez did not file a *pro se* appellate brief, nor did he retain alternate counsel for this appeal.

independently review the record to determine whether Santiago-Hernandez's appeal is, in fact, wholly frivolous.

In the **Anders** Brief, Attorney Buttner raises the following issue: "Whether imposing a standard range sentence on each count and an aggregate sentence of 11 months to 23 months, rather than probation or house arrest, is harsh and excessive[,] constituting an abuse of discretion by the trial court?" **Anders** Brief at 3.

Santiago-Hernandez claims that the trial court imposed an excessive sentence because the applicable sentencing range permitted probation or house arrest. **Id.** at 8-9. Santiago-Hernandez also argues that the court failed to consider mitigating factors such as his reconciliation with Bendick, his acceptance of responsibility, and his employment until the time of sentencing. **Id.** at 9, 11.

Santiago-Hernandez challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal.[4] **See Commonwealth v. Hill**, 66 A.3d 359, 363 (Pa. Super. 2013). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts

---

[4] Because the parties did not bargain for a specific sentence when negotiating the guilty plea, Santiago-Hernandez is not precluded from challenging the discretionary aspects of his sentence on appeal. **Commonwealth v. Heaster**, 171 A.3d 268, 271 (Pa. Super. 2017) (concluding that appellant could challenge the discretionary aspects of his sentence after entering a "hybrid" guilty plea, *i.e.*, a plea that negotiated a *particular aspect* of the sentence, but did not include a sentencing agreement).

a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Santiago-Hernandez filed a timely Notice of Appeal, preserved his sentencing claim in his Motion to Modify Sentence, and included a separate Rule 2119(f) Statement in the ***Anders*** Brief. Additionally, Santiago-Hernandez's claim raises a substantial question for our review. ***See Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (stating that "an excessive sentence claim—in conjunction with an assertion that the [trial] court failed to consider mitigating factors—raises a substantial question." (citation omitted)).

Our standard of review of a challenge to the discretionary aspects of a sentence is well established:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Robinson***, 931 A.2d 15, 26 (Pa. Super. 2007).

The Sentencing Code provides that "the [trial] court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The trial court must also consider the sentencing guidelines. **See id.**; **see also Commonwealth v. Sheller**, 961 A.2d 187, 190 (Pa. Super. 2008) (stating that "[w]hen imposing a sentence, the [trial] court is required to consider the sentence ranges set forth in the Sentencing Guidelines….").

Importantly, the trial court in the instant case had the benefit of a PSI. Where a trial court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988)). In discussing **Devers**, this Court in **Ventura** explained as follows:

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a [PSI], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on

the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors.

*Ventura*, 975 A.2d at 1135 (citation omitted).

Because the trial court here confirmed that it had reviewed Santiago-Hernandez's PSI (*see* N.T., 12/10/19, at 2), it is presumed that the court was informed of and considered all mitigating factors, including Santiago-Hernandez's rehabilitative needs, character and history. *See Ventura*, *supra*. Both parties indicated that they had reviewed the PSI, and indicated that they had no additions or corrections for the court to consider. N.T., 12/10/19, at 2. Additionally, Santiago-Hernandez's counsel also stated that Santiago-Hernandez was gainfully employed in a full-time position, and Bendick explained to the court that she and Santiago-Hernandez had reconciled. *Id.* at 2-3. Further, in imposing the standard-range sentence, the trial court noted that Santiago-Martinez's convictions arose out of a domestic violence incident, and involved the assault of police officers. *Id.* at 2.

Upon review, we do not find Santiago-Hernandez's standard-range sentence unreasonable, and we otherwise discern no abuse of the trial court's discretion. *See Moury*, 992 A.2d at 171 (explaining that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code."). Our review confirms that the trial court adequately considered the relevant sentencing considerations, including mitigating factors, and was fully informed by a PSI. *See* 42 Pa.C.S.A. § 9721(b); *Sheller*, *supra*; *see also Ventura*, *supra*.

Thus, Santiago-Hernandez's challenge to the discretionary aspects of his sentence fails.

Finally, our independent review of the record discloses no additional non-frivolous issues that Santiago-Hernandez could raise on appeal. We therefore grant Attorney Buttner's Application to Withdraw, and affirm Santiago-Hernandez's judgment of sentence.

Application to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2019