J-S26003-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
                                  :
            v.                   :
                                  :
                                  :
WILLIAM ALBERT KRUPITZER       :
                                  :
          Appellant          :    No. 460 WDA 2019

Appeal from the Judgment of Sentence Entered September 10, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000317-2018

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                  FILED JUNE 18, 2020

William Albert Krupitzer (Appellant) appeals from the judgment of sentence imposed after he pled guilty to one count of involuntary deviate sexual intercourse with a child (IDSI) and two counts of indecent assault.[1] We affirm.

Appellant's convictions arose from his repeated sexual abuse of three minor children over a period of several years. In March 2018, the Pennsylvania State Police (PSP) became aware of Appellant's crimes when one of the children, L.A.W., who was 23 years old at the time, reported that Appellant had sexually abused him on multiple occasions when he was 9-10

———————————————

[*] Retired Senior Judge assigned to the Superior Court.

[1] See 18 Pa.C.S.A. §§ 3123(b), 3126(a)(7) and (a)(8).

years old. One week later, L.A.W.'s sister, K.J.E., who was 30 years old at the time, informed the PSP that Appellant had sexually abused her when she was 15 years old. Approximately 6 weeks later, the PSP learned that another victim, who was 10 years old at the time, told a forensic interviewer that Appellant had sexually abused her more recently, and on more than one occasion.

The Commonwealth charged Appellant with 47 counts related to the sexual assaults. On June 14, 2018, Appellant entered a negotiated guilty plea to one count of IDSI and two counts of indecent assault; the Commonwealth nolle prossed the remaining charges. Prior to sentencing, the trial court ordered the preparation of a pre-sentence investigation report (PSI).

On September 10, 2018, the trial court sentenced Appellant, who was 80 years old at the time, to an aggregate term of 195 to 588 months in prison.[2] Notably, the court ordered the respective sentences imposed on Appellant's three convictions to run consecutively. Also, the sentences were within the respective standard ranges of the sentencing guidelines.

Appellant filed a timely motion for reconsideration, asserting that the sentence was manifestly harsh and unreasonable given his individualized

_____

[2] Appellant exercised his right to allocution, and expressed remorse for his crimes. Additionally, the sentencing court considered, inter alia, the PSI and victim impact statements.

circumstances; in addition he filed a timely notice of appeal.[3]  Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents one issue for our review:

> Whether the sentenc[ing] court erred and/or abused its discretion when it imposed a sentence without giving due consideration to all the relevant factors under 42 Pa.C.S.A. section 9721(b); chiefly, the court failed to consider the rehabilitative needs/mitigating circumstances of [Appellant,] so that he can have a meaningful opportunity for release, including attending treatment during his parole.  By imposing a sentence that is essentially a life sentence, the sentence is contrary to the fundamental norms which underlie the sentencing process and guidelines[.]

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal.[4]  See Commonwealth v. Hill, 66

_____

[3] Because there was a breakdown in the operation of the Venango County Clerk of Courts in failing to enter an order, despite direction by the trial court denying Appellant's motion for reconsideration by operation of law, Appellant's appeal is timely.  See Commonwealth v. Braykovich, 664 A.2d 133, 137-38 (Pa. Super. 1995) (holding that a defendant's notice of appeal was timely where there was a breakdown in the process of the court because the clerk of courts failed to enter an order denying defendant's post-sentence motion by operation of law, as required by the Pennsylvania Rules of Criminal Procedure).

[4] Although Appellant entered a negotiated guilty plea, he is nevertheless permitted to challenge the discretionary aspects of his sentence.  See Commonwealth v. Heaster, 171 A.3d 268, 271 (Pa. Super. 2017) (explaining that where, as here, a plea agreement contains no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his sentence)).

A.3d 359, 363 (Pa. Super. 2013). Rather, where the appellant has preserved the sentencing challenge for appellate review by raising it in a post-sentence motion, he or she must (1) include in his or her brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and (2) show that there is a substantial question that the sentence is not appropriate under the Sentencing Code. Hill, 66 A.3d at 363-64.

Here, Appellant included a Rule 2119(f) Statement in his brief. See Appellant's Brief at 8-9. We therefore examine the Rule 2119(f) Statement to determine whether a substantial question exists. Appellant asserts:

> [T]he sentence imposed was unreasonably harsh and manifestly excessive. [] Appellant believes the sentenc[ing] court did not consider his rehabilitative needs or mitigating circumstances, namely that the sentence imposed effectively constitutes a life sentence given Appellant's advanced age, that he has not had the opportunity to take advantage of treatment, the fact that he had a prior record score of zero, and is amenable to treatment under supervision.

Appellant's Brief at 9; see also id. at 13 (asserting that Appellant will not be eligible for parole until he is 96 years old, and "at his advanced age, he does not represent a danger to society.").

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

Commonwealth v. Dodge, 77 A.3d 1263, 1270 (Pa. Super. 2013).

Instantly, Appellant's claim fails to present a substantial question for our review. See, e.g., Commonwealth v. Radecki, 180 A.3d 441, 470 (Pa. Super. 2018) (holding that defendant did not present a substantial question where the court ordered the separate sentences – imposed on defendant/psychiatrist's numerous convictions for exploiting multiple female patients for his sexual gratification – to run consecutively versus concurrently, and rejecting defendant's claim that the court imposed an excessive, de facto life sentence); Commonwealth v. Moury, 992 A.2d 162, 171-72 (Pa. Super. 2010) (stating that the imposition of consecutive, rather than concurrent, sentences is within the sound discretion of the sentencing court, and may raise a substantial question in only the most extreme circumstances); see also Commonwealth v. Hoag, 665 A.2d 1212, 1214 (Pa. Super. 1995) (noting that a defendant is not entitled to a "volume discount" for his crimes by having all of his sentences run concurrently).

However, even if Appellant had presented a substantial question,[5] the trial court acted well within its discretion in imposing a just and reasonable sentence under the circumstances, and considered and addressed all pertinent sentencing factors.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." Commonwealth v. Barnes, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (en banc) (citation omitted). The Sentencing Code sets forth the considerations a trial court must take into account when formulating a sentence, providing that "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

It is well settled that when a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and where the court has been so informed, its discretion

_____

[5] See, e.g., Commonwealth v. Harvard, 64 A.3d 690, 701 (Pa. Super. 2013) (claim that a sentencing court failed to consider defendant's rehabilitative needs in imposing a manifestly excessive, de facto life sentence, may present a substantial question); see also Commonwealth v. Mouzon, 812 A.2d 617, 627-28 (Pa. 2002) (plurality) (stating that a claim of excessiveness may raise a substantial question even if the sentence imposed is within the guidelines).

should not be disturbed." Commonwealth v. Ventura, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). The Ventura Court further explained:

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a [PSI], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors.

Id. (citation omitted).

Because the sentencing court in this case reviewed and referenced Appellant's PSI prior to imposing the sentence, it is presumed that the court considered, inter alia, Appellant's age, lack of criminal history, rehabilitative needs, and any mitigating circumstances. See id. Additionally, the court stated sufficient reasons on the record for the sentence imposed. See generally N.T., 9/10/18, at 29-30.

We discern no abuse of discretion by the trial court and conclude that Appellant's standard-range sentences were neither excessive nor unreasonable, where he abused his position of trust and authority to repeatedly sexually abuse three minor children over a period of many years. See, e.g., Moury, 992 A.2d at 171 (stating that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as

appropriate under the Sentencing Code."); see also Radecki, 180 A.3d at 470 (noting "although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." (citation omitted)). In addition, the court did not abuse its discretion in determining that consecutive sentences were warranted in light of, inter alia, the heinousness of Appellant's crimes and the impact they had upon the victims. See Moury, 992 A.2d at 171-72.

In its opinion, the trial court explained:

[The] facts show this [c]ourt that [] Appellant poses a serious risk to the public. Moreover, the factual bases established for the separate criminal offenses, combined with the victim impact statements this [c]ourt received and considered during the sentencing hearing, shows the devastating and long-lasting impact Appellant's criminal acts have had, and will continue to have, on the victims in this case, the family of the victims, and the community-at-large.

Trial Court Opinion, 10/9/19, at 11; see also id. at 12 (trial court stating it considered Appellant's expression of remorse and his accountability for his crimes).

The trial court went on to refute Appellant's claim that the court failed to consider mitigating circumstances and imposed a de facto life sentence:

While [the court] considered the fact that Appellant had a prior record score of zero and was in his seventies at the time of sentencing, [the court] also considered why [] Appellant had a zero prior record score …. [T]he sexual abuse he subjected [the victims to] over the course of more than a decade was not discovered by law enforcement until 2018, when Appellant was of such an age. [The court] also considered the fact that despite his age, [] Appellant had committed [criminal] acts against [the] 10-

year-old [victim] as recently as six weeks before the [PSP] received L.A.W.'s report in 2018.

[] Appellant, who appeared in good health at the sentencing hearing, will have a meaningful opportunity for release, as [the court] did not impose a life sentence on him. Rather, [the court] imposed consecutive, standard range sentence[s] on [] Appellant on the three offenses he perpetrated against three different victims.

I d.

The trial court's reasoning is supported by both the law and the record.[6]

Accordingly, Appellant's sentencing issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/2020

_____

[6] Additionally, Appellant emphasizes his desire to participate in sex offender treatment once he is paroled, but disregards the fact that the Department of Corrections provides sex offender treatment to incarcerated individuals.