J-S23021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY COOPER | : | |
| | : | |
| Appellant | : | No. 469 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 16, 2015,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0007402-2014.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED SEPTEMBER 10, 2021**

Larry Cooper appeals from the judgment of sentence imposed following his guilty plea to third degree murder[1] and related firearm offenses. Additionally, Cooper's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967).   Upon review, we grant counsel's petition, and affirm the judgment of sentence.

This case arises from the following facts.  On June 16, 2015, Cooper pled guilty, pursuant to a negotiated plea agreement, to one count each of third-degree murder, carrying a firearm without a license, and possessing an

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(c).

instrument of crime.[2]  Cooper was represented by counsel for his plea.  That same day, the trial court sentenced Cooper to 22 to 45 years of incarceration.  Thereafter, Cooper retained other counsel to represent him.

On June 25, 2015, Cooper filed a motion to withdraw his guilty plea.  After the court obtained an extension of time to rule on Cooper's motion, the motion was denied by operation of law on September 23, 2015.  The denial was not docketed.  No appeal was filed.

Years later, on September 25, 2020, following an amended PCRA petition, the court reinstated Cooper's post-sentence rights.  Cooper reasserted the original motion to withdraw his guilty plea, which the trial court denied on February 26, 2021.  That same day Cooper filed this timely appeal.[3]

Before we may consider the issues raised in the *Anders* brief, we must first consider counsel's petition to withdraw from representation.  *See Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an *Anders* brief, this Court may not review the

_____

[2] 18 Pa.C.S.A.  §§ 2502(c), 6106, and 907.

[3] Following the filing of Cooper's appeal, this Court issued a rule to show cause why the appeal should not be quashed as untimely because it was unclear what type of relief the PCRA court granted Cooper, and the order granting PCRA relief was not included in the record.  Cooper filed a response, and the rule was discharged.  The matter was referred to the merits panel.

Upon our review of the docket and the trial court's recitation of the procedural history, it is evident that the relief granted by the court was reinstatement of Cooper's post-sentence rights.  After the trial court denied Cooper's renewed motion to withdraw, he appealed immediately from that denial.  We, therefore, conclude that Cooper's appeal is timely.

merits of the underlying issues without first passing on the request to withdraw). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious

issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of ***Anders***. Counsel indicated that he reviewed the record and concluded that Cooper's appeal is frivolous. Further, the ***Anders*** brief substantially comports with the requirements set forth by our Supreme Court in ***Santiago***. Finally, the record included a copy of the letter that counsel sent to Cooper stating counsel's intention to seek permission to withdraw and advising Cooper of his right to proceed *pro se* immediately or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Cooper's appeal is wholly frivolous.

In the ***Anders*** brief, counsel sets forth six issues which Cooper wishes to raise. The first five issues assert that the trial court erred in denying Cooper's motion to withdraw his guilty plea because counsel was ineffective in assisting with his plea. Specifically, Cooper claims that: 1) trial counsel did no investigation or any interviews of potential witnesses; 2) he relied on trial counsel's advice to plead guilty against his wishes; 3) trial counsel's ineffectiveness rendered Cooper's guilty plea unknowing and involuntary; 4) he is innocent of the underlying charges but entered a plea based upon the false and misleading statements of trial counsel whose misrepresentations led him to believe he was guilty; and 5) Cooper waived his right to a jury trial and

pled guilty based upon trial counsel's erroneous advice. ***Anders*** Brief at 8, 11, and 13-14.

The decision whether to grant a post-sentence request to withdraw a guilty plea rests within the sound discretion of the trial court. ***Commonwealth v. Culsoir***, 209 A.3d 433, 437 (Pa. Super. 2019).

> [A] request to withdraw a guilty plea after sentencing is subject to higher scrutiny since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices. Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a manifest injustice. A defendant meets this burden only if he can demonstrate that his guilty plea was entered involuntarily, unknowingly, or unintelligently.

***Id.*** (citations and quotations omitted).

Furthermore, as the trial court observed, allegations of ineffective assistance of counsel ordinarily may not be raised on direct appeal. ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002). Our Supreme Court has held that "the general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel . . . ." ***Commonwealth v. Holmes***, 79 A.2d 562, 563 (Pa. 2013). In particular, a plea that was allegedly entered into unknowingly or involuntarily due to counsel's lack of trial readiness, including counsel's failure to investigate a potential alibi, sounds in ineffectiveness. ***See Commonwealth v. Johnson***, 966 A.2d 523, 535 (Pa. 2009).

Additionally, we have held that whether a defendant's choice to enter a guilty plea was knowing and voluntary given counsel's deficient advice must be raised as an ineffective assistance of counsel claim. *Commonwealth v. Kehr*, 180 A.3d 74, 760 (Pa. Super. 2018). Consequently, this rule precludes the trial court from considering a motion to withdraw a guilty plea on the basis of ineffectiveness of counsel. It further precludes this Court from reviewing such a decision on direct appeal. *Id.*

Here, Cooper's request to withdraw his guilty plea was based upon alleged claims of ineffective assistance of counsel. As discussed above, such questions must be raised via an ineffective assistance of counsel claim on collateral review, not on direct appeal from the judgment of sentence. We, therefore, find that the trial court did not abuse its discretion in denying Cooper's motion. Cooper's first five issues are frivolous.

In the sixth and final issue in the *Anders* Brief, Cooper claims that the trial court erred in denying his motion to withdraw his guilty plea because one of the witnesses, Jabrail Wyatt, would have recanted his prior identification of Cooper at trial. *Anders* Brief at 14.

Where a defendant's "sentence results from a plea of guilty, rather than as a result of a trial, any after-discovered evidence which would justify a new trial would [] entitle a defendant to withdraw his guilty plea." *Commonwealth v. Heaster*, 171 A.3d 268, 273 n.6 (Pa. Super. 2017). However, upon review, we observe that Cooper failed to preserve this issue for appeal. Cooper did not present this argument to the trial court as a basis

- 6 -

for his request to withdraw his guilty plea. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Because Cooper failed to preserve this issue, it is waived. Issues which are waived are frivolous. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008). Cooper's last issue is also frivolous.

Furthermore, as required by *Anders*, we have independently reviewed the record to determine whether there are any non-frivolous issues present in this case. Our review of the record discloses no other non-frivolous issues that Cooper could raise that counsel overlooked. *See Dempster*, *supra*.

Having concluded that there are no meritorious issues, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2021