J-S37011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN ROMPILLA | : | |
| | : | |
| Appellant | : | No. 460 EDA 2021 |

Appeal from the Judgment of Sentence Entered December 10, 2020
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000795-2020

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED FEBRUARY 28, 2022**

Jonathan Rompilla appeals from the judgment of sentence imposed following his guilty plea to attempted homicide.[1] Rompilla argues the trial court imposed an excessive sentence without adequate consideration of mitigating factors. For the reasons that follow, we affirm.

Rompilla was charged with attempted homicide, aggravated assault and terroristic threats stemming from an incident in which Rompilla threatened to kill his wife, stabbed her twice in the abdomen, and hit her in the face with a small hammer. On October 23, 2020, Rompilla entered a guilty plea to attempted homicide, and in exchange, the Commonwealth withdrew the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 901(a).

remaining charges. The parties did not agree to a fixed sentence, but agreed that the maximum sentence would be 10 to 20 years in prison. *See* N.T., Guilty Plea, 10/23/20, at 3. The assistant district attorney informed the court that Rompilla had a prior record score of one, and the offense gravity score for attempted murder was 13. *See id.* Applying the deadly weapon used enhancement, the sentencing guidelines recommended a standard-range sentence of 84 to 102 months. *See id.*; *see also* 204 Pa. Code § 303.17(b). The trial court deferred sentencing for preparation of a pre-sentence investigation report ("PSI").

The trial court conducted a sentencing hearing on December 10, 2020. The assistant district attorney noted that the sentencing guidelines form identified the offense gravity score as 14, rather than 13.[2] *See* N.T., Sentencing, 12/10/20, at 8. The assistant district attorney explained that the discrepancy was the result of the domestic violence enhancement,[3] which became effective approximately one week prior to the assault. *See id.* at 8-9; *see also id.* at 9 (wherein the assistant district attorney stated, "Frankly, that hadn't been contemplated at the time of the plea agreement, so we had

---

[2] Applying the deadly weapon used enhancement for an offense gravity score of 14, the sentencing guidelines recommend a standard-range sentence of 102 months to the statutory limit. *See* 204 Pa. Code § 303.17(b).

[3] *See* 204 Pa. Code § 303.10(h) (providing that when an enumerated offense is committed against a family or household member, the offense gravity score assignment will be increased by one point).

been discussing the range as being an offense gravity score of 13."). However, the assistant district attorney stated that the change would not affect the Commonwealth's sentencing recommendation, as the Commonwealth would be requesting the maximum sentence. *See id.* at 9. The trial court sentenced Rompilla to a term of 10 to 20 years in prison, with credit for time served, plus the costs of prosecution and restitution in the amount of $3,327.88 for his wife's medical bills.

Rompilla filed a timely motion to reconsider his sentence, which the trial court denied. Rompilla filed a timely notice of appeal and a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

In his sole issue on appeal, Rompilla argues that the trial court imposed an excessive sentence without proper consideration of the "unusual occurrence" during the guilty plea.[4] Appellant's Brief at 8. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). Rather, an appellant must invoke this Court's jurisdiction. *See*

---

[4] Because the parties did not bargain for a specific sentence when negotiating the guilty plea, Rompilla is not precluded from challenging the discretionary aspects of his sentence on appeal. *Commonwealth v. Heaster*, 171 A.3d 268, 271 (Pa. Super. 2017) (concluding that appellant could challenge the discretionary aspects of his sentence after entering a "hybrid" guilty plea, *i.e.*, a plea that negotiated a *particular aspect* of the sentence but did not include a sentencing agreement).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

> We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Rompilla preserved his issue through a timely post-sentence motion to reconsider his sentence and filed a timely notice of appeal. Rompilla also included a separate Rule 2119(f) statement in his appellate brief, asserting the trial court had imposed a harsh and excessive sentence, failed to set forth its reasons for imposing the statutory maximum sentence, and failed to consider the confusion over applying the correct offense gravity score as a mitigating factor. *See* Appellant's Brief at 7. We conclude Rompilla has raised a substantial question for our review, and we proceed to the merits of Rompilla's sentencing challenge. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (stating, "[t]his Court has [] held that

- 4 -

an excessive sentence claim—in conjunction with an assertion that the [trial] court failed to consider mitigating factors—raises a substantial question." (citing **Commonwealth v. Raven**, 97 A.3dd 1244, 1253 (Pa. Super. 2014)); **Commonwealth v. McNabb**, 819 A.2d 54, 56 (Pa. Super. 2003) (concluding that the appellant's claim that the trial court did not adequately state its reasons for imposing the sentence raised a substantial question).

We review discretionary sentencing challenges with great deference to the sentencing court:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Bullock**, 170 A.3d 1109, 1123 (Pa. Super. 2017) (citations and quotation marks omitted).

"In every case in which the court imposes a sentence for a felony … the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b); **see also Commonwealth v. Mouzon**, 812 A.2d 617, 620-21 (Pa. 2002) (plurality). "In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." **Commonwealth v. Antidormi**, 84 A.3d 736, 761 (Pa. Super. 2014) (citation omitted). The trial

court must also consider the sentencing guidelines. *See* 42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (stating that "[w]hen imposing a sentence, the [trial] court is required to consider the sentence ranges set forth in the Sentencing Guidelines…."). Moreover, where, as here, the trial court has the benefit of a PSI, "we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Moury*, 992 A.2d at 171 (internal quotation marks and citation omitted).

Instantly, the sentence imposed for attempted homicide is within the standard range of the sentencing guidelines based upon an offense gravity score of 14 for the domestic violence enhancement and application of the deadly weapon used enhancement. *See* 204 Pa. Code § 303.17(b). The sentence is also within the maximum contemplated by the parties during plea bargaining, despite the change in Rompilla's offense gravity score. Therefore, we may only vacate Rompilla's sentence if "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2); *see also Moury*, 992 A.2d at 171.

During the sentencing hearing, the trial court heard testimony from Rompilla's wife regarding the effects of the injuries she sustained. *See* N.T., Sentencing, 12/10/20, at 14-16 (wherein Rompilla's wife described her hospital stay, the exploratory surgery requiring 55 staples, permanent nerve

damage, and more than a month of missed work). Rompilla's wife also stated she found various weapons when she recovered her vehicle; Rompilla had taken or destroyed several items of sentimental value to her; and Rompilla had told their sons that he did not care if he saw them again after the divorce. *See id.* at 17. The Commonwealth introduced into evidence a handwritten note, found on Rompilla's person at the time of his arrest, stating, "There will be no more struggling, your [*sic*] going to die, say goodbye! You pissed me off enough to the point of no return, caused me to do this with fun & games." *Id.* at 20-21; *see also* Commonwealth's Exhibit 8.

In response, Rompilla's counsel discussed the confusion regarding the offense gravity score and other mitigating factors. *See* N.T., Sentencing, 12/10/20, at 26-29. Rompilla exercised his right to allocution and apologized to his wife.[5] *See id.* at 30-31.

---

[5] Despite apologizing and purporting to take full responsibility for his actions, Rompilla also stated that he "didn't mean to stab her." N.T., Sentencing, 12/10/20, at 33. What is more, the following exchange took place between the trial court and Rompilla:

> [The Court]: Okay. And not only did you have a knife, but you had a letter that talked about not wanting to live anymore, you had a letter that talked about her conduct, and you had some other things that could have been used as weapons.
>
> [Rompilla]: That's an anger issue.
>
> [The Court]: It is an anger issue.

*(Footnote Continued Next Page)*

The trial court, prior to imposing the sentence, explained that it had fully considered the PSI, the sentencing guidelines, the statement presented by Rompilla's wife, Rompilla's statements and arguments by both counsel. *See id.* at 41. The court also acknowledged that the parties had anticipated an offense gravity score of 13. *See id.* at 42. The record therefore reflects that the trial court was aware of all relevant sentencing factors. Further, we cannot conclude that Rompilla has established the 10- to 20-year sentence was unreasonable under these circumstances.

As we find Rompilla's sole issue on appeal merits no relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2022

---

[Rompilla]: Yeah.

[The Court]: It is an anger issue.

[Rompilla]: Well, there you go.

*Id.* at 33-34.