J-S26040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EARL GALE | : | |
| | : | |
| Appellant | : | No. 3128 EDA 2022 |

Appeal from the PCRA Order Entered November 10, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0006569-1992

BEFORE:  STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED NOVEMBER 3, 2023**

Earl Gale appeals *pro se* from the order denying his Post Conviction Relief Act ("PCRA") petition as untimely. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A jury found Gale guilty of the first-degree murder of Frank Burton, who was shot during a drive-by shooting. The court sentenced Gale to life imprisonment.[1] We affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Gale's petition for allowance of appeal in November 1995. Gale filed PCRA petitions in 1997, 2000, and 2012, none of which resulted in relief.

_____

[1] The court also sentenced Gale to two consecutive terms of 10 to 20 years' imprisonment for the aggravated assaults of the surviving victims, and two concurrent sentences for the related convictions.

Gale's instant petition — his fourth — was docketed on September 12, 2022. The certificate of service is dated May 20, 2022, and as discussed below, Gale argues he filed the petition on May 20 or May 24, 2022.

Gale asserted he had "newly discovered evidence support[ing] his claim of ineffective assistance of counsel as well as prosecutorial misconduct, which was not available during trial and the first PCRA proceeding." PCRA Pet., 9/12/22, at 3 (unpaginated). Gale attached the affidavit of another inmate, Theordore R. Williams, dated September 1, 2021. Williams stated in the affidavit that a third person, Steve Barber, told Williams during a telephone call in 1992 that a sheriff escorting him to a holding cell in the courthouse during Gale's trial asked Barber "if the district attorney in those guys trial can go into [their] jury room while they are deliberating[.]" Gale's Br., Ex. A, Aff. of Theodore R. Williams, 9/1/21, at 1 (unpaginated). Barber was allegedly referring to the jury in Gale's case. Barber answered in the negative. The affidavit further stated Williams had not personally known Gale until they met in prison in June of 2021. Aff. at 1.

The PCRA court issued notice of its intent to dismiss the petition as untimely. Gale responded,[2] arguing that it was impossible for him to know the

---

[2] The notice gave Gale 20 days to respond. **See** Pa.R.Crim.P. 907. The docket lists the date of service for the order as September 19, 2022, making the deadline Sunday, October 9, 2022. Gale's response was dated the next day, Monday, October 10, 2022. Although Gale's response was not entered on the docket until October 18, 2022, the court did not find it untimely and the Commonwealth does not argue it was untimely. We will consider it timely
*(Footnote Continued Next Page)*

information in Williams' affidavit before he received it in September 2021, he had acted with due diligence, and filed his petition within the following year. Objection to Notice of Intent, 10/28/22, at 2-3. He asserted that his petition "was filed via inmate mail box rule on May 20th, 2022" and the date the court docketed it – September 12, 2022 – "was incorrect and would be deemed governmental interference." *Id.* at 1, 3.

The court dismissed the petition. Without addressing Gale's contention that he mailed his PCRA petition in May 2022, the court deemed the petition untimely filed on September 12, 2022. *See* PCRA Court Opinion, filed 1/30/23, at 4-5. The court also found the petition untimely because the newly discovered facts on which it was premised were hearsay, and pursuant to precedent, inadmissible hearsay cannot meet the "new facts" exception. *Id.* at 4.[3]

Gale appealed. He raises the following issues:

I. [Did Gale] timely [file] his after-discovered evidence [claim] under the new Pennsylvania Statute?

---

pursuant to the prisoner mailbox rule. *See Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa.Super. 2007) (finding notice of appeal timely under prisoner mailbox rule where notice was dated two days before filing deadline and received by court on first business day following deadline); *Commonwealth v. Saunders*, 946 A.2d 776, 780 n.7 (Pa.Super. 2008) (finding Rule 1925(b) statement timely under prisoner mailbox rule based on date of proof of service).

[3] The court also concluded that the petition did not state grounds for relief because the affidavit did not constitute after-discovered evidence. PCRA Ct. Op. at 5. We do not reach this issue as the petition was untimely.

II. [Did t]he government [interfere] with [Gale's] timely filing of his P.C.R.A.?

III. Is the declaration made by Theodore R. Williams a[n] exception to the hearsay rule?

Gale's Br. at 5 (unpaginated) (underlining and suggested answers omitted).

Gale argues he discovered new evidence – Williams' affidavit – on September 1, 2021. Gale claims the affidavit "revealed that the district attorney, in his case, made several visits to the juror's ju[r]y room during trial." *Id.* at 8. He argues it would have been impossible for him to learn this information earlier, and that he timely filed his PCRA petition within one year of his discovery, on May 20, 2022. He argues any delay in the docketing of his instant petition constitutes governmental interference with the timely presentation of his claim.

Gale also argues the information in the affidavit should not be considered hearsay because the "declarant is deceased and is unavailable to testify to the facts stated in his declaration." *Id.* at 12 (citing Pa.R.E. 804(a)(4)). Gale does not specify whether the deceased declarant is Williams or Barber.[4]

Ultimately, Gale argues the court should have granted him an evidentiary hearing as "the members of the jury and sheriffs at the court at the time of the trial . . . are still available for further inquiry to support the declarant's statements." *Id.* Gale asserts it "would be a massive miscarriage

---

[4] Presumably, Gale is not referring to the unidentified sheriff as the declarant.

of justice if [he] is not afforded the opportunity at an evidentiary hearing to investigate the matters stated in the declaration." *Id.*

"Our standard of review is well settled." ***Commonwealth v. Anderson***, 234 A.3d 735, 737 (Pa.Super. 2020). "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." *Id.* (quoting ***Commonwealth v. Smith***, 181 A.3d 1168, 1174 (Pa.Super. 2018)).

The time restrictions of the PCRA are jurisdictional, and we therefore lack jurisdiction to address the substantive claims of an untimely petition. *Id.* To be timely, the petition must be filed within one year of the date the petitioner's judgment of sentence became final, *i.e.*, within one year after the conclusion of direct appeal or the expiration of time to seek direct review. *Id.* at 737-38 (citing 42 Pa.C.S.A. § 9545(b)(1)). A petitioner filing a petition after that date must plead and prove one of three enumerated exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If an exception applies, the petitioner must file the petition within one year of the date the claim could have been presented. *Id.* at § 9545(b)(2).

Here, Gale filed his petition well after his judgment of sentence became final in 1996. *See Commonwealth v. Gale*, No. 3418 EDA 2013, unpublished memorandum at 3 (Pa.Super. filed Sept. 30, 2014). However, Gale claims his petition was timely under the "new facts" exception, alleging the facts in the affidavit were unknown to him until 2021 and could not have been ascertained earlier by the exercise of due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii). He also claims he filed his petition within the year following his discovery. *Id.* at § 9545(b)(2).

We need not determine whether Gale filed his petition within one year of the date the claim could have been presented. We agree with the trial court that the affidavit at best offers inadmissible hearsay that cannot meet the "new facts" exception.

When hearsay is offered to establish a newly discovered fact for the purposes of the PCRA time restrictions, the hearsay must be admissible through some exception. *Commonwealth v. Brown*, 141 A.3d 491, 501 (Pa.Super. 2016). "A claim which rests exclusively upon inadmissible hearsay" will not meet the timeliness exception for previously unknown facts. *Id.* (quoting *Commonwealth v. Yarris*, 731 A.2d 581, 592 (Pa. 1999)).

Here, the affidavit asserts Barber told Williams that a sheriff implied a prosecutor had entered the jury room during deliberations at Gale's trial. Even

if Williams were to testify to this, and even if Barber is deceased – or even if both Williams and Barber are deceased – the statement by the sheriff is hearsay, not subject to an exception, and insufficient to plead or prove the "new facts" exception.

Nor did the court err in declining to hold an evidentiary hearing. A PCRA petitioner must shoulder the burden of pleading and proving the facts establishing timeliness. **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa.Super. 2018). An evidentiary hearing "is for the presentation of evidence, not the potential discovery of evidence," and "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim." **Commonwealth v. Heaster**, 171 A.3d 268, 273-74 (Pa.Super. 2017) (cleaned up).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  11/03/2023