J-S42036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NAZANIEL FLORES, JR. | : | |
| | : | |
| Appellant | : | No. 596 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 11, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003763-2022

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED DECEMBER 09, 2025**

Nazaniel Flores, Jr. ("Flores") appeals from the judgment of sentence imposed following his conviction for persons not to possess firearms.[1]  We affirm.

In the early morning hours of September 25, 2022, Flores and Iris Velez-Ventura ("Velez-Ventura") were riding in a car in the 300 block of South 11th Street in Reading, Pennsylvania, when Flores exited the car and began arguing with people on the sidewalk.  Flores had a pistol in his hand, and when he raised it, Velez-Ventura began pushing Flores and telling him to leave, as the police were coming.  When police arrived, Flores put the pistol in Velez-Ventura's pocket.  Velez-Ventura did not know what to do with the firearm, so she placed the gun on the porch of a house across the street.  Later that

_____

[1] **See** 18 Pa.C.S.A. § 6105(a)(1).

evening, police recovered a loaded handgun from a porch on that block. The entire verbal altercation through to the recovery of the firearm was captured on video. Flores had prior convictions for robbery and possession with the intent to deliver cocaine, among others, all of which prevented him from lawfully possessing a firearm.

The Commonwealth charged Flores with, *inter alia*, persons not to possess firearms. The matter proceeded to a jury trial in January 2024, at the conclusion of which the jury found him guilty of this offense. On March 11, 2024, the trial court sentenced him to ten to twenty years in prison. Flores did not raise any objection to his sentence at the sentencing hearing. ***See*** N.T., 3/11/24, at 1-7.

Flores filed a timely post-sentence motion in which he raised the following three discretionary sentencing claims: (1) "the court committed an abuse of discretion by imposing a sentence that exceeds the aggravated range of the Pennsylvania sentencing guidelines by 6 months. This sentence is manifestly unreasonable because it constitutes a complete departure from the guidelines[;]" (2) "a sentence involving a lesser amount of total confinement would have been consistent with [42 Pa.C.S.A. §] 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it related to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[;]" and (3) "the court did not give sufficient reasons to justify the sentence imposed." Post-Sentence Motion,

3/21/24, at unnumbered 4-5 (unnecessary capitalization omitted). The trial court denied the post-sentence motion.

Flores then filed a timely notice of appeal, and the trial court ordered him to file a concise statement of errors complained of on appeal. Flores complied, and in his concise statement he raised the following single issue: "whether [the trial] court committed and [*sic*] abuse of discretion and imposed an unreasonable sentence by sentencing [Flores] to a term of incarceration that exceeds the aggravated range of the Pennsylvania sentencing guidelines?" Concise Statement, 5/21/24, at 1 (unnecessary capitalization omitted). The trial court then authored a Rule 1925(a) opinion.

> Flores raises the following issue for our review:
>
> Did the lower court abuse its discretion in denying [Flores'] motion for reconsideration of sentence where it impermissibly used his "repeat criminal pattern" as justification to sentence Flores to the statutory maximum 120-240 months incarceration, a sentence in the aggravated range, despite the fact that [Flores'] RFEL prior record score already incorporated those prior convictions?

Flores' Brief at 4.

Flores' sole issue on appeal implicates the discretionary aspects of his sentence. An appellant may not challenge discretionary aspects of a sentence as of right. *See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). Rather, this Court treats an appellant's challenge to the discretionary aspects of a sentence as a petition seeking permission to appeal. *See Commonwealth v. Heaster*, 171 A.3d 268, 271 (Pa. Super. 2017). To invoke this Court's jurisdiction to review a challenge to the

- 3 -

discretionary aspects of a sentence, the appellant must satisfy the following four-part test: (1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. ***See Commonwealth v. Moury***, 992 A.2d 162, 169-70 (Pa. Super. 2010).

Here, Flores filed a timely notice of appeal. He also filed a timely post-sentence motion and included in his brief a Rule 2119(f) statement. However, we must determine whether the issue he now presents for our review was adequately preserved in the trial court.

As explained above, Flores raised three discrete issues in his post-sentence motion: (1) "the court committed an abuse of discretion by imposing a sentence that exceeds the aggravated range of the Pennsylvania Sentencing Guidelines by 6 months. This sentence is manifestly unreasonable because it constitutes a complete departure from the guidelines[;]" (2) "a sentence involving a lesser amount of total confinement would have been consistent with [42 Pa.C.S.A. §] 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it related to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[;]" and (3) "the court did not give sufficient reasons to justify the

sentence imposed." Post-Sentence Motion, 3/21/24, at unnumbered 4-5 (unnecessary capitalization omitted).

Flores then elected to limit his discretionary sentencing claim to a single issue on appeal, as reflected in his court-ordered concise statement: "whether [the trial] court committed and [*sic*] abuse of discretion and imposed an unreasonable sentence by sentencing [Flores] to a term of incarceration that exceeds the aggravated range of the Pennsylvania sentencing guidelines?" Concise Statement, 5/21/24, at 1 (unnecessary capitalization omitted).

However, in his Rule 2119(f) statement, Flores purports to raise an entirely different issue by asserting that "a claim that a sentence is excessive because the sentencing court considered impermissible factors has been held to raise a substantial question." Flores' Brief at 1. The Rule 2119(f) statement further indicates: "an assertion that the sentencing judge in imposing sentence relied on factors already included in the defendant's prior record score raises a substantial question." *Id*. at 1-2. Finally, in the Rule 2119(f) statement Flores contends that "the sentencing court erred in considering . . . Flores' prior convictions as an aggravating circumstance that justified sentencing Flores to the statutory maximum 120-240 months incarceration since the prior convictions had already been taken into account in the computation of his prior record score under the Pennsylvania sentencing guidelines." *Id*. at 2 (unnecessary capitalization omitted)

This issue was not raised at the sentencing hearing or in Flores' post-sentence motion. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (holding that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived"); **see also Dempster**, 187 A.3d at 272 (holding that objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed).

Nor was this particular issue raised in Flores' court-ordered concise statement. **See Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998) (holding that, where a trial court directs a defendant to file a concise statement of matters complained of on appeal, any issues not raised in that statement are waived); **see also** Pa.R.A.P. 1925(b)(4)(vii) (proving that issues not included in the concise statement are waived); **Commonwealth v. Lemon**, 804 A.2d 34, 36-37 (Pa. Super. 2002) (holding that waiver results from a Rule 1925(b) statement's omission of the specific theory raised on appeal).

Instead, Flores' claim that the trial court considered an impermissible factor by considering his prior convictions as aggravating factors was raised for the first time in the Rule 2119(f) statement included in his appellate brief.

**See** Pa.R.A.P. 302(a) (providing that issues not raised in the trial court are waived and cannot be raised for the first time on appeal). This Court will not overlook waiver simply because the trial court substantively addressed the issue in its Rule 1925(a) opinion. **See Commonwealth v. Melendez-Rodriguez**, 856 A.2d 1278, 1287-89 (Pa. Super. 2004) (*en banc*).

Accordingly, as Flores failed to preserve his discretionary sentencing issue by raising it at his sentencing hearing or in a timely post-sentence motion, he has failed to invoke this Court's jurisdiction to review it. Thus, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge King joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/09/2025